THOMAS M. SMITH, Administrator, Respondent, v. E. C. ZIMMERMAN, Appellant.

Kansas City Court of Appeals, February 6, 1888.

JUSTICE OF THE PEACE—SUIT ON NOTE—STATEMENT—CONSTRUCTION OF SECTION 2852, REVISED STATUTES—CASE ADJUDGED.—Under the present statute (Rev. Stat., sec. 2852) referring to the statement to be filed in suits in justices' courts, the instrument of writing will not alone constitute a sufficient statement unless it discloses a demand in favor of the plaintiff, because now the statement on file cannot be supplemented on motion of the defendant by a verbal statement by the plaintiff of the nature of the demand. Where, as in this case, the note disclosed no demand in favor of the plaintiff, it was necessary for him to file a statement of the facts constituting his cause of action, and since he sued as administrator, he should have shown in the body of the statement, by proper allegations, that he did sue as such administrator, and not in his individual capacity.

APPEAL from Buchanan Circuit Court, HON. JOSEPH P. GRUBB, Judge.

*Reversed and remanded.*

The case is stated in the opinion.

E. C. ZIMMERMAN and J. W. BOYD, for the appellant.

I. In this case the plaintiff sues as administrator, but failed to file with the note a statement showing that he was administrator. Wait's Law & Prac. 313; *Murray v. Hendrickson*, 6 A. B. B. 96; 1 Boswell, 635. There is a distinguishable difference between a case instituted by the assignee of a note, and the case at bar. The assignee, by becoming the owner of the note, becomes the owner of the cause of action. An administrator has no interest in the note or the cause of action, and is simply acting by virtue of his letters as the agent of the estate. In this case, when the letters of administration

were formally offered, the court remarked that they might be considered in evidence, but the record nowhere shows that they were read in evidence. They do not appear in the bill of exceptions. This court cannot tell from the record whether they conformed to the requirements of the law, or whether in force at the time of the institution of this action. Nor does the record show that they were the letters granted to the administrator of the estate of O. M. Smith, deceased. We, therefore, claim that there was no evidence that he was administrator, or that he had a right to bring this action. "It is necessary for the administrator to swear that the books came to his hands as the genuine and only books of the deceased." 1 Greenl. Evid. [9 Ed.] 176 and note. In this case, nothing of the kind was attempted; it was not even shown that he ever had the book in his possession.

II.    Respondent attempts to take the note out of the statute of limitations, by proving that there was endorsed upon its back in pencil, the following: "July 4, by cash, $50." And then, over the protest of appellant, attempts to prove that O. M. Smith had a book, and that there was an entry in this book which read as follows: "July 4, 1874, By cash on note, $50.00." Defendant objected to the testimony, because there was no connection between the entry in the book and the endorsement on the note, because the note was the contract, and because the entry in the book was not a subject of book account, and but a single entry—therefore, not admissible in evidence. Rev. Stat., p. 687, sec. 4011; *Irvin. v. Workendyke*, 2 E. D. Smith, 374, 376; *Corning v. Ashley*, 4 Denio, 354. Defendant further objected to respondent's proving the contents of the book, because the book, if admissible, was the best evidence. *Anderson v. Volmer*, 83 Mo. 404; *Cozens v. Barrett*, 23 Mo. 544. But in this state the rule is, that the books themselves, if offered, would not be admissible in evidence. *Blacksmith Co. v. Carreras*, 19 Mo. App. 162; *Weadley v. Terry*, 24 Mo. App. 304; *Todd v.*

*Terry*,  26 Mo. App. 599. The fact that one of the parties was dead does not make the books admissible in consequence thereof. *Hensgen v. Mullally*, 23 Mo. App. 613 ; *Hensgen v. Donnelly*, 24 Mo. App. 398. The book had been destroyed, and the evidence offered could not either be confirmed or disproved. A lost book is like a dead witness. The administrator by his own evidence attempted to prove that he had presented the note to the defendant, and impeached by its own contradictions. Before an endorsement can be considered, it must contain all of the elements. You cannot explain it or strengthen it by parol testimony. The law requires that to take a note out of the statute of limitations, there should actually be a payment made. The endorsement signifies nothing, if the payment was not made. Conrad states that he was at the house of O. M. Smith on the fourth of July, 1874, and did not see the defendant there, or any money paid. It was his business to receive cash. O. M. Smith gave him a slip to give a credit in the book on a note, but no money. This, we think, establishes the fact that no money was paid. A slip or memorandum is no evidence (and in this case it was lost). *McCormick v. Mulvihill,* 1 Hilt. 131 ; 1 Greenl. Evid. [7 Ed.] 182. The endorsement was made by the owner of the note, and there is not the slightest evidence that the maker knew anything about it. *Waterman v. Burbank*, 8 Met. 352 ; *Goddard v. Williamson*, 72 Mo. 131 ; *Phillips v. Mahan*, 52 Mo. 197 ; *McCullogh v. Henderson*, 24 Miss. 92 ; *Anderson v. Robertson*, 24 Miss. 389.

III.   Our statute in its requirements, I think, is the same as the Mississippi statutes. It would seem that, under our statute, the acknowledgment or promise must be evidenced by some writing subscribed by the party to be charged. Appellant also contends that the court erred in admitting irrelevant and incompetent testimony over the objections of appellant. Appellant at the time objected to this incompetent evidence, and

at the time the court overruled his objections, excepted to the ruling of the court.

VORIES & VORIES, for the respondent.

I.    In a suit upon a promissory note in a justice's court, no statement of the plaintiff's cause of action need be filed.   The filing of the note is all that is required, even in cases where it does not appear, from anything on the instrument, how plaintiff's claim arises.   Defendant may, if he chooses, before proceeding to trial, require plaintiff to make a verbal explanation of this.   *Bank v. Hammerslough*, 72 Mo. 274; Rev. Stat., sec. 2852.

II.    When the testimony of the clerk of plaintiff showed that the books were accurately kept, and by custom of plaintiff entries were made from memoranda of the particular transaction furnished the clerk by plaintiff, each day upon which the transaction was made, the books may be used in evidence to prove the accounts of plaintiff with his customers.   *Smith v. Beattie*, 57 Mo. 281 ; 1 Greenl. Evid. [14 Ed.] sec. 116.

III.    When the question is the precise date of the endorsement upon the note, the account-book of respondent, wherein contemporaneous entries are made, is admissible in proof of the date of the endorsement. 1 Greenl. on Evid. [14 Ed.] secs. 120, 121.

IV.    When the date of the endorsement is proved, the endorsement is *prima-facie* evidence of payment, and is conclusive, unless rebutted.

V.    When books or other written evidence would be admissible if produced, when proven to be lost or destroyed, their contents can be shown by parol testimony.

VI.    An endorsement made at the time when it was against the interest of the holder to make it, is sufficient to take the case out of the statute of limitations.   *Goddard v. Williamson*, 72 Mo. 131 ; *Loewer v. Haug*, 20 Mo. App. 164.

VII. When a note does not show on its face that it is barred by the statute of limitations, the presumption is in favor of the holder of the note, the burden of proof is on the defendant. The presumption of law is always against the party pleading the statute of limitations. *Buren v. Buren*, 79 Mo. 538.

HALL, J.—This suit was instituted before a justice of the peace on a promissory note executed by the defendant and payable to O. M. Smith, deceased. The suit was brought by the administrator of said O. M. Smith, and was docketed as follows: "Thomas M. Smith, administrator of the estate of O. M. Smith, deceased, v. E. C. Zimmerman." The plaintiff filed with the justice of the peace no petition or statement of his cause of action, but simply filed the note in suit. An appeal was taken by the plaintiff to the circuit court from a judgment against him. In the latter court the defendant, on the trial, objected to the introduction of any evidence on the ground that there was no statement or petition on file in the case. The court overruled the objection. From a judgment against him the defendant has appealed to this court.

The question is, was the note filed with the justice of the peace a sufficient statement in and of itself? For an affirmative answer to this question the plaintiff's counsel relies upon the case of *The Mastin Bank v. Hammerslough*, 72 Mo. 274, and section 2852, Revised Statutes. The case referred to was begun before a justice of the peace, and was on a promissory note. The note was filed with the justice of the peace, and no other statement was filed. The plaintiff was neither the payee nor indorsee of the note, and the note, therefore, failed to show any demand in favor of plaintiff. Nevertheless, the court held the note a sufficient statement. The decision was based upon certain statutes of the state then in force with reference to justices of the peace. They were sections 9, 12, and 13, of chapter 178, pages 700–701, Revised Statutes, 1865, and section 12, of

chapter 180, page 706, of the same revision. These sections of the statutes were in the order above named as follows : " Whenever any suit shall be founded on any instrument of writing, purporting to have been executed by the defendant, such instrument shall be filed with the justice before any process shall be issued in the suit." "In every suit founded upon an account, a bill of the items of such account shall be filed with the justice before any process shall be issued." " In every suit not founded on an account, or an instrument of writing, a statement of the facts constituting the cause of action shall be filed with the justice before any process shall be issued in the suit." "When both parties first appear before the justice, either upon the return of the process or upon their voluntary appearance without process, the justice shall, on the application of the defendant (and may, without such application), require of the plaintiff a brief verbal statement of the nature of his demand."

The court, after quoting the above sections of the statutes at length, said : " We think it manifest, from these provisions taken together, that a written statement of the plaintiff's cause of action is only required when the suit is not on an account, or an instrument of writing which purports to have been executed by defendant. It is true, the note in this case discloses no demand that plaintiff has, as he was neither payee nor indorsee ; but, under section 12, the defendants, when they appeared, could have had a particular verbal statement of the facts upon which plaintiff relied for a recovery, if they desired it."

The three sections of chapter 178, above set out, appear in the Revised Statutes of 1879, as section 2852, which is as follows: " When the suit is founded on any instrument of writing, purporting to have been executed by the defendant, and the debt or damages claimed may be ascertained by such instrument, the same shall be filed with the justice, and no other statement or pleading shall be required. If the suit is

founded on an account, a bill of the items of the account shall be filed ; in all other cases, a statement of the facts constituting the cause of action, and the amount or sum demanded, shall be filed with the justice ; but no suit shall be dismissed or discontinued for the want of any such statement or (of) cause of action, or any defect or insufficiency thereof, if the plaintiff shall file the instrument or account, or a sufficient statement, before the jury is sworn or the trial commenced, or when required by the justice." Section 12, of chapter 180, of the revision of 1865, is omitted altogether from the revision of 1879.

The change made in the statutes on this subject, by the revision of 1879, is a significant one. Under the present statutes, the instrument of writing will not alone constitute a sufficient statement unless it discloses a demand in favor of the plaintiff, because now the statement on file cannot be supplemented on motion of the defendant by a verbal statement by the plaintiff of the nature of his demand. In this case the note disclosed no demand in favor of plaintiff. Therefore, it was necessary for him to file a statement of the facts constituting his cause of action, and since he sued as administrator, he should have shown in the body of the statement, by proper allegations, that he did sue as such administrator, and not in his individual capacity.

For this reason, the judgment must be reversed. But, as the statement may be amended ( *Butts v. Phelps*, 79 Mo. 302 ; Rev. Stat., sec. 3060), the cause will be remanded. With the concurrence of the other judges, it is so ordered.