BETTIE BASNETT et al., Respondents, v. SINGER MANUFACTURING COMPANY, Appellant.

St. Louis Court of Appeals, January 30, 1900.

Justice's Court: STATEMENT: PRACTICE.  Where a complaint or statement before a justice of the peace is clumsily drawn, but inferentially state a cause of action in conversion, and the defendant is uncertain as to the nature of the action, his remedy is to require the cause of action to be more definitely stated, and his objections come too late after verdict.

Basnett v. Singer Mfg. Co.

Appeal from the Pike Circuit Court.—*Hon. David H. Eby,* Judge.

AFFIRMED.

*Tapley & Fitzgerrell* for appellant.

(1) The petition does not state facts sufficient to constitute a cause of action for anything other than for trespass, and if respondent's proof tends to show a cause of action it was for the conversion of. the machine, and a conversion was not alleged in the petition. McQuillin's Plead. & Prac., secs. 314 and 315; Perry v. Musser, 68 Mo. 477; Rhea v. Mfg. Co., 81 Mo. App. 406. Judge Bland, in last named case, says: "A plaintiff can not sue on one cause of action and recover on a different one, though the latter is supported by the evidence." (2) The respondents abandoned their cause of action for trespass, and plaintiffs sought to recover as for conversion. (3) There is no evidence to sustain the verdict, and such verdict can not be cured by remittitur. Koelitz v. Bleckman, 46 Mo. 320; Doty v. Steinberg, 25 Mo. App. 328; Alexander v. Harrison, 38 Mo. 258; 1 Sutherland on Damages, p. 1173; Horine v. Bone, 69 Mo. App. 481.

*Pearson & Pearson* for respondent.

(1) Respondent's petition, found at page 3 of appellant's abstract, is a complete statement of her case. There was no objections to the introduction of any testimony offered by the plaintiff, neither was there an objection to any testimony offered by defendant. No instructions were asked or refused on the part of defendant. The only questions involved, or tried in this cause, were questions of fact, and the jury found those in favor of plaintiff. As we view it, the record before this court, presents no questions for it to review.

BIGGS, J.—This action was commenced before a justice of the peace. The complaint is as follows, to wit:

"Plaintiffs state that the defendant is and was at all of the times herein mentioned a corporation and doing business in this state.

"That on the —— day of January, 1898, the defendant by its agent, R. H. Malloy, unlawfully and forcibly came upon plaintiffs' premises in the aforesaid township, county and state and unlawfully and forcibly took from said premises a Singer sewing machine, numbered 13739232, of the value of sixty dollars, the property of plaintiffs.

"Wherefore plaintiff prays for a judgment of sixty dollars, the value of said machine, and for the sum of one hundred and fifty dollars damages for trespass and for costs."

Plaintiffs recovered judgment before the justice and in the circuit court. The defendant has brought the case here by successive appeals.

The case was tried and submitted upon the theory that the machine had been wrongfully converted and the verdict was for sixty dollars, its alleged value. The only contention of appellant is that the cause of action stated in the complaint is for malicious trespass, and that the circuit court wrongfully permitted a recovery as for a conversion of the machine. The complaint is clumsily framed, but it inferentially states a cause of action for a conversion. If the appellant was uncertain as to the nature of the action, its remedy was to require the cause of action to be more definitely stated.

The judgment of the circuit court will be affirmed. All concur.