VAN CLEAVE v. CITY OF ST. LOUIS, Appellant.

Division One, February 12, 1901.

1. **Justice's Court:** COMPLAINT: SUFFICIENCY. The requirements of the statute have been met as to pleadings in a justice of the peace court, when the statement is sufficient to reasonably advise the opposite party of the nature of plaintiff's claim, and is sufficiently specific to be a bar to another cause of action. And as to whether or not the statement reasonably advises the defendant of the nature of the claim, resort may be had to a reasonable implication.

2. ——: ——: ——: IN NEGLIGENCE CASE. The statement in this case in general terms charged negligence and carelessness in the construction of a roadway across a street, and that said roadway so constructed caused the loss to plaintiff of his horse. Defendant did not move for a more specific statement of the facts constituting the negligence, but challenged their existence by answer, but after a judgment in the justice's court and after a like judgment in the circuit court, on this appeal it challenges the sufficiency of the pleading. *Held,* that under these circumstances, the objection comes too late.

Appeal from the St. Louis City Circuit Court.—*Hon. Selden P. Spencer,* Judge.

AFFIRMED.

*B. Schnurmacher* and *Alex. Nicholson* for appellant.

The petition or statement filed before the justice was wholly insufficient. It contained no recital of facts whatever from which a cause of action could be gleaned. It consisted entirely of conclusions or allegations of law. While no particular formality is required in pleadings before justices of the peace, nevertheless the statement of a cause of action before a justice must be a statement of facts, as distinguished from a conclusion of law, must advise the other party of the nature of the claim against him, or with what he is charged, and must be sufficiently specific and definite to bar another action. St. Louis v. Babcock, 56 S. W. 732; Brashears v. Strock, 46 Mo. 221; Swartz v. Nicholson, 65 Mo. 508; Casey v. Clark, 2 Mo. 11; Wathen v. Farr, 8 Mo. 324; Butts v. Phelps, 79 Mo. 302; Watkins v. Donnelly, 88 Mo. 322. See also: Hill v. Ore & Steel Co., 90 Mo. 103; Butler v. Robinson, 75 Mo. 192; Rosenburg v. Boyd, 14 Mo. App. 429; Nutter v. Houston, 32 Mo. App. 451; Dahlgreen v. Yocum, 44 Mo. App. 277; Rechnitzer v. Candy Co., 3 Mo. App. Rep. 60.

*William A. Alderson* for respondent.

(1)   The statement filed in this cause contains every jurisdictional fact, designates the very spot and day when and on which the appellant's horse was injured, charges negligence and carelessness on the part of the appellant and its co-defendants in the matter of a roadway constructed by defendants across the street railway tracks, which roadway caused the loss of the animal, advised the defendants of the nature of the action and is sufficient to bar another action for the same cause. The sole objection to the statement is that it does not plead the ordinance providing for the reconstruction of Vandeventer avenue, does not specifically set forth the full facts constituting the particular negligence of the appellant, and that a general charge of negligence in an action before a justice of the peace is not sufficient.   The statement is fully within the statutory provisions, and all the numerous decisions of this court and the courts of appeals, concerning practice and proceedings before justices of the peace.   Mack v. Railroad, 77 Mo. 232; Hale v. Van Dever, 67 Mo. 732; Razor v. Railroad, 73 Mo. 471; Iba v. Railroad, 45 Mo. 470; Early v. Fleming, 16 Mo. 154; Allen v. McMonagle, 77 Mo. 478; Key v. Railroad, 73 Mo. 475; Meyer v. McCabe, 73 Mo. 236; Belcher v. Railroad, 75 Mo. 514; City of Kansas v. Johnson, 78 Mo. 661; Johnson v. Moffatt, 19 Mo. 159; Glenn v. Weary, 66 Mo. App. 75; Force v. Squire, 133 Mo. 306; Bell v. Boyd, 66 Mo. App. 137; Dahlgreen v. Yocum, 44 Mo. 277.   (2)   Conceding, for the purpose of argument, that the statement is insufficient in the particulars asserted by counsel for appellant, yet, no motion having been filed in the circuit court attacking it, the statement is good after verdict.   Meyer v. McCabe, 73 Mo. 236; Busby v. Railroad, 81 Mo. 43; Stanley v. Railroad, 84 Mo. 625. (3) Even in the circuit court, under the strict rules of technical

pleading, a general allegation of negligence is good after verdict, and sufficient to sustain a judgment, when no motion to make the petition more specific and definite is filed.    Foster v. Railroad, 115 Mo. 177; Dougherty v. Railroad, 9 Mo. App. 478, 81 Mo. 325; Schneider v. Railroad, 75 Mo. 295; Edens v. Railroad, 72 Mo. 213; Mack v. Railroad, 77 Mo. 232.

ROBINSON, J.—This action was originally begun before a justice of the peace against the city of St. Louis, the Lindell Railway Company, Philip F. Stifel and Henry Ruckert, upon the following petition or statement:

"The plaintiff, complaining of the defendants, alleges that on or about the twenty-second day of August, 1897, he was the owner of a mare, which through the negligence and carelessness of the defendants, was so injured and ruined that said animal was entirely lost to the plaintiff; that said animal was injured in the city of St. Louis, on Vandeventer avenue, just north of Washington avenue, and between said Washington avenue and Delmar avenue, and in front of the livery stable on the west side of said Vandeventer avenue, between said thoroughfares, said livery stable being known and called the "West End Livery Stable;" that said animal was injured while on said Vandeventer avenue at said point and while crossing a roadway constructed by the defendants across the street railway tracks at said point; that by reason of said negligence and carelessness of the defendants the plaintiff has been damaged in the sum of $300."

At the trial before the justice a judgment was entered against the defendant city of St. Louis, and in favor of the other defendants, and the city of St. Louis appealed the case to the circuit court, where upon a trial anew in that court judgment was again rendered against it for the sum of $300, and

Vol 159 mo—37

by the same defendant the case has been brought here on appeal.

But one question is raised by appellant, and that is as to the sufficiency of the statement filed by plaintiff with the justice as his cause of action.

What is or what is not a sufficient statement of a cause of action, before a justice of the peace, has been the source of frequent adjudication in this court. If a comparison of our various adjudications upon the different statements filed before justices of the peace that from time to time have been brought before us for determination, has furnished justification for the suggestion that those adjudications have not at all times been in strict harmony, that want of harmony has not been so much the result of the want of a definite rule or test to be applied to all such statements, as to the want of accuracy in the application of the rule to the particular statement at the particular time before the court.

Without attempting to reconsider the court's disapproval of various statements filed as plaintiff's cause of action with justices of the peace, discussed in a line of authorities cited by appellant, with those cited by respondent wherein the statements filed before the justice have been sustained and held sufficient, we will try to test the question of the sufficiency of the statement filed by the plaintiff in this case, by those general rules announced in both lines of cases without regard to the question of the result of the application made in any particular case or cases.

The statute in express terms provides that "no formal pleading upon the part of either plaintiff or defendant shall be required in a justice court, but before process shall issue in any suit the plaintiff shall file with the justice the instrument sued on or a statement of the account or of the facts constituting the cause of action upon which the suit is founded," etc.

In favor of that popular tribunal which has been characterized as "the people's court," where those unacquainted with the technical rules and forms of pleading may and do go, without counsel, to settle and adjust their differences, this court has ever held that the requirements of the statute have been met and fulfilled, when the statement filed with the justice, however informal and awkward in expression, was sufficient to reasonably advise the opposite party of the nature of his or her claim, and sufficiently specific to be a bar to another cause of action, with the further qualification suggested in some of our cases, as to the first test, that resort may be had to reasonable implication to support the statement.   Thus tested, we think the statement filed by the plaintiff with the justice in this case meets the requirement of the law, particularly under the circumstances of the present situation, when its sufficiency was not challenged by motion to make same more definite and specific, and both parties announced ready for trial upon issue joined upon the pleading as filed.

Though the statement is somewhat awkward in construction, and the allegation as to defendant's negligence and carelessness is charged in general terms, and might have been held insufficient in the particulars now asserted by appellant had timely motion to that end been filed with the justice of the peace, or with the circuit court when the case reached there, but after two trials and two judgments, we think the objection comes too late in this court.

After verdict and judgment it may be presumed that the generality of the charge of negligence contained in the statement, was made more specific by a state of facts shown at the trial upon which the verdict and judgment was predicated. This court has frequently held in actions begun in the circuit court, where the strict rules of technical pleadings are in operation, that a general allegation of negligence is good after ver-

dict, and sufficient to sustain a judgment when no motion to make the petition more definite and specific was filed. [Foster v. Mo. Pac. Ry. Co., 115 Mo. 165; Mack v. St. Louis, K. C. & N. W. Ry., 77 Mo. 232; Schneider v. Mo. Pac. Ry. Co., 75 Mo. 295; Edens v. H. & St. J. R. R. Co., 72 Mo. 213.] Certainly a rule more harsh or technical should not be applied to a statement filed by a plaintiff, as his cause of action, with a justice of the peace, to defeat a judgment obtained therein, than is applied to a like statement filed in the circuit court.

The statement filed with the justice in this case advised the defendants of the time and places plaintiff's horse was injured. It charged negligence and carelessness on part of defendants in the matter of a roadway constructed by them across the street railway tracks on Vandeventer avenue between Washington and Delmar avenues in the city of St. Louis, and that said roadway so constructed caused the loss to him of his horse.

As defendants did not request or move for a more particular statement of facts constituting the negligence charged to them, but challenged their existence by answer, it will not now be said that the defendants were not advised thereby of the nature of plaintiff's claim against them or that they went to trial in ignorance of the facts upon which the verdict was founded.

That the statement filed is sufficiently definite to bar another cause of action by plaintiff is unquestioned. The judgment of the circuit court will be affirmed.

*Brace* and *Valliant, JJ.*, concur; *Marshall, J.*, not sitting.