MOFFITT-WEST DRUG COMPANY, Respondent, v. CRIDER, Appellant.

St. Louis Court of Appeals, March 19, 1907.

JUSTICES OF THE PEACE: Statement. In an action instituted before a justice of the peace upon an open account which merely gave the dates and amounts of the debits and credits without mentioning the kind of merchandise which the items represented, was insufficient and a motion for an itemized statement of the account should have been sustained.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

REVERSED AND REMANDED.

*Ward & Collins* for appellant.

It is required that the statement of a cause of action in a case instituted before a justice of the peace shall inform the defendant concerning the demand and be sufficient to bar another case for the same subject-matter. Weese v. Brown, 102 Mo. 299; Rechnitzer v. Vogelsang, 117 Mo. App. 151; Drug Co. v. Johnson, 80 Mo. App. 428; McCrary v. Good, 74 Mo. App. 425; Doggett v. Blank, 70 Mo. App. 500; Rechnitzer v. Candy Co., 82 Mo. App. 311.

*S. J. Jeffries* for respondent.

GOODE, J.—This case was instituted before a justice of the peace on an open account in the following style:

"MOFFITT-WEST DRUG CO.
*Broadway and Clark Avenue,*
St. Louis, Mo., Mar. 29, 1905.

J. G. Crider,
Hayti, Mo.
To balance per statement rendered,
1904.
Mar. 8,  To Mdse................$ 8.29
Mar. 9 ......................... 91.55
Mar. 13 ....................... 10.73"

Forty-two other items in the same form follow the foregoing. Nothing is given but the dates of the debits and credits. What sorts of merchandise the debits represent are not shown. The case was tried before the justice of the peace and appealed to the circuit court, where defendant filed a motion for an itemized statement of the account, which motion was overruled and an exception saved to the ruling. Judgment for plaintiff was given and an appeal taken to this court. Plaintiff should have been required to file a more specific account or statement of his cause of action. The account sued on was in a form which has been frequently condemned as insufficient by the Supreme Court and the Court of Appeals, and we need not review the decisions on the question. They will be found cited in Rechnitzer v. Vogelsang, 117 Mo. App. 148, 93 S. W. 326. The judgment is reversed and the cause remanded. All concur.