EMIL REDEL, Respondent, v. MISSOURI VALLEY STONE COMPANY, Appellant.

Kansas City Court of Appeals, June 24, 1907.

1. **APPELLATE PRACTICE: Evidence: Instruction: Verdict.** Where an instruction properly submits an issue to the jury the verdict will not be disturbed.

2. **JUSTICES' COURTS: Statement: Account: Verdict.** A statement of a cause of action on an account set out in the opinion is considered and held sufficient in a justice's court after verdict, since it advises the defendant of the nature of the cause of action and will be a complete bar to a future action on the same cause.

3. **———: Joinder of Causes of Action: Borrowed Plow: Legal Fictions.** Plaintiff loaned defendant a plow which he broke and did not return. His statement in a justice's court set out in the opinion is held sufficient and not improperly joined with a count on an account, since legal fictions are abolished and the failure to return the plow was a breach of contract.

Appeal from Platte Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

AFFIRMED.

*J. H. Hull* and *Douglass & Watson* for appellant.

(1)   The statement before justices of the peace must advise the opposite party of the nature of the claim and be sufficiently specific to be a bar to other action.   Butts v. Phelps, 79 Mo. 302; Hill v. Company, 90 Mo. 104.   (2)   We submit this petition in case at bar is a mere collocation of words, and a bare conclusion and not a statement of facts, and a new trial should be granted because there is no sufficient statement as required by statute.   Butts v. Phelps, 79 Mo. 302; Hill v. Company, 90 Mo. 104; Weese v. Brown, 38 Mo. App. 521; Nutter v. Houston, 32 Mo. App. 451.   (3)   If this statement was true, it would not bind the defendant to pay for services rendered another person.   Blanton had no authority as agent for defendant to bind it for services rendered John R. Price.   Chenoweth v. Express Co., 93 Mo. App. 185.   (4) The court erred in holding that the second count in said petition stated a cause of action against defendant.   If this states any cause, it is for a tort.   There is no allegation of any promise by defendant to pay plaintiff the reasonable value of said plow.   Grimsley v. White, 3 Mo. 259; R. S. 1899, sec. 3851.

*I. N. Watson, A. D. Gresham* and *Sid. Beery,* for respondent, filed no brief.

JOHNSON, J.—This suit was begun before a justice of the peace on the following statement: "Plaintiff states that the defendant is and was at all times hereinafter mentioned, a corporation organized within the State of Missouri and under the laws thereof, and was

running and operating a stone crusher in said State. That in the month of October, 1904, this plaintiff, at the special instance and request of said defendant corporation, was induced to enter their or its employ and labor with his, said plaintiff's team and single-handed, and the defendant promised and agreed to pay plaintiff the sum of three dollars per day with his team and $1.75 per day single-handed.

"Plaintiff states that he duly rendered and performed the services aforesaid in accordance with the terms of said employment, and the defendant thereby became indebted to him on account of said services, and that there is a balance yet due plaintiff amounting to the sum of $28.25 for which plaintiff prays judgment.

"Plaintiff for further cause of action states that while working at said stone crusher for defendant, he loaned to said defendant a breaking plow, which same while being used by defendant, was broken and destroyed by it and which said plow was of the value of $3.75.

"Wherefore plaintiff prays judgment for $3.75 together with his costs."

A trial in the circuit court where the cause was taken on appeal resulted in a judgment in favor of plaintiff on each count in the amount prayed.

It appears from the evidence that in the year 1904, defendant was operating a stone crusher at Parkville, where it was engaged in doing some work for the Chicago, Burlington & Quincy Railroad Company. Plaintiff states in his testimony that he was employed by defendant as a laborer under an agreement by the terms of which he was to be paid $1.75 per day for the time he worked without his team and three dollars per day when he worked with his team; that he rendered services to defendant under this agreement during the months of October and November, 1904, for which he was not paid and that the value of the services so rendered was the amount claimed in the first count. Further he states

that he loaned defendant a plow of the value of $3.75 which defendant broke in such manner that it was wholly useless and could not be repaired.

On the part of defendant, it is admitted that plaintiff was in its service, but it is claimed that on the second day of November, defendant discontinued the work, discharged and paid in full plaintiff and the other workmen employed and on that day, entered into a contract with a Mr. Price by the terms of which the latter took charge of defendant's plant and proceeded to operate it as an independent contractor, that Price employed plaintiff and the other workmen who were informed of the change and agreed to the change of masters. It was shown that Price operated the plant for about one week when he drew some money from defendant, abandoned the contract and failed to pay plaintiff for work performed during the period of his incumbency and that the major portion of the demand asserted in the first count is for wages earned during that period.

At the instance of defendant the court instructed the jury, in part, as follows: "If you find from the evidence that on or about November 2, 1904, the defendant and one J. R. Price entered into the contract read in evidence, and that thereafter said Price took charge of said stone crusher and ran same under said contract, then you are instructed that plaintiff cannot recover for any services rendered said Price, if any, and you cannot allow the plaintiff for any services so rendered said Price." Thus instructed, the jury in returning a verdict for plaintiff on the first count necessarily must have found against the contention of defendant that there was a change of masters and in favor of plaintiff's insistence that the services rendered by him during the time Price was in charge were performed under his contract with defendant. As this conclusion may be fairly drawn from the facts and circumstances in evi-

dence, the verdict on the first count will not be disturbed unless we should find error of law in the record.

The first attack made by defendant on the sufficiency of the statement appears in the motion in arrest of judgment, but it is contended that the statement of the cause of action is so fatally defective that it will not support a judgment, and therefore, that the objection is timely. We do not agree with defendant. It is true the statement does not give the items of the account nor disclose the length of time plaintiff worked single-handed and with his team. It is defective and defendant, on motion, would have been entitled to a more specific and definite pleading. But the statement does advise defendant of the nature of the cause of action and there can be no doubt that the judgment entered thereon will afford a complete bar to any cause which plaintiff may hereafter assert on account of wages earned in the employment by defendant under the contract pleaded. The rule is firmly established that "it is sufficient if such statement advise the opposite party of the nature of the claim and is sufficiently specific to be a bar to another action." [Razor v. Railway, 73 Mo. 471; Phares v. Lumber Co., 118 Mo. App. 546.] And in construing such statements great liberality should be observed, especially in cases where no attack is made on the sufficiency thereof until after verdict.

Objection is made by defendant to the second count. The ground of the objection is that the cause pleaded therein arises *ex delicto* and under the provisions of section 3851, Revised Statutes 1899, cannot be joined with that pleaded in the first count which is founded on contract. The contention that the demand in the second count is one in tort is founded on the principle expressed in this quotation from Bliss on Code Pleading, section 12: "If, for example, a defendant has wrongfully taken personal property belonging to the plaintiff, or has wrongfully refused to return that which has been

loaned to him, the wrong in either case is a tort, and at common law, the proper action in one case is trespass and in the other trover, though trover will also lie, as will the modernized action of replevin. But plaintiff may also sue *in assumpsit* and charge a sale, a promise and its breach, although there has been no sale in fact, and no promise either express or, as a fact implied."

It is assumed by defendant that as the statement before us fails to allege a fictional sale of the plow by plaintiff to defendant, an element essential to the statement of an action *in assumpsit* is lacking and that because of its omission the cause pleaded must be held to be founded in tort. The point would not be well taken had the action originated in the circuit court, and much less does any reason appear for applying it to an action in a justice's court where strict adherence to the rules of pleading is not required. Under the code, legal fictions are abolished and the plaintiff is required in order to state a cause of action, to do nothing more than give a plain and concise statement of the facts on which his cause is based. Plaintiff has done this in the statement before us. He alleges that he loaned a plow to defendant and the latter failed to return it, but destroyed it. In borrowing the article, defendant impliedly agreed to return it in the condition it was when received, and its failure to perform that undertaking constitutes a breach of contract on account of which an action *ex contractu* may be maintained.

Other points are made by defendant, but so obviously are they without merit that we do not deem it necessary to discuss them. The case was fairly tried and submitted and the judgment is affirmed. All concur.