## W. S. HAMMOND, Respondent, v. DAVE BERKO-WITZ, Appellant.

### Springfield Court of Appeals, December 6, 1909.

1. **PLEADING: Statement in Justice Court Amended in Circuit Court.** A statement filed in the justice court alleged that defendant is indebted to plaintiff in the sum of three hundred dollars for services rendered at defendant's special instance and request, and on appeal, in the circuit court plaintiff filed an amended statement alleging an indebtness of sixty dollars on the part of defendant for services rendered by plaintiff in securing a certain named tenant for defendant's property, which said property was also described in the amended complaint. *Held*, that this amendment, not having changed the original cause of action, was permissible and clearly within section 4079, Revised Statutes 1899.

2. ————: **Amendments.** An amendment which merely amplifies the original statement or renders it more definite and certain is proper.

3. ————: ————. Where several amendments are made in the pleadings, the final amendment is the only one to be considered.

Appeal from Jasper Circuit Court.—*Hon. Haywood Scott*, Judge.

AFFIRMED.

*Currey, Owen & Farris* for appellant.

(1)  In an action before a justice of the peace there must either be an itemized statement of account filed or some statement from which the defendant can learn upon what account he is sued and be sufficiently specific to bar another action. Freimuth v. Rudd, 8 Mo. App. 568; McDonough v. Daly, 6 Mo. App. 598; Patterson v. Lutz, 1 Mo. App. 134; Doggett v. Blanke, 70 Mo. App. 499; McCrary v. Good, 74 Mo. App. 425; R. S. 1899, sec. 3852; Sidway v. Mo. Land & Livestock Co., 163 Mo. 373; Hill v. Ore & Steele Co., 90 Mo. 103; Rechnitzer v. Vogel-

sang, 117 Mo. App. 151. (2) Where the statement filed before the justice states no cause of action or is insufficient to inform the defendant of the nature of the claim against him, no jurisdiction is conferred on the circuit court by appeal. Drug Co. v. Johnson, 80 Mo. App. 428. (3) Plaintiff cannot allege one cause of action before a justice of the peace and recover on a different cause of action on appeal in the circuit court. Trust Co. v. Real Estate Co., 82 Mo. App. 262; Powell v. Shipp, 85 Mo. App. 467; Turner v. McCook, 77 Mo. App. 202; Brashears v. Strock, 46 Mo. 221. (4) Where the statement of the cause of action filed with the justice is insufficient to inform defendant of the nature of the claim it cannot be amended in the circuit court. Evans v. Railroad, 67 Mo. App. 255; Sturges v. Botts, 24 Mo. App. 283. (5) Where no itemized statement is filed in the justice court it cannot be afterward filed in the circuit court. Peddicord v. Railroad, 85 Mo. 160; Barr v. Bloomberg, 37 Mo. App. 605; Brashears v. Strock, 46 Mo. 221.

*E. F. Cameron* for respondent.

(1) Where the statement filed in the justice court is not a nullity it can be amended in the circuit court to include any item included or intended to be included in justice court. R. S. 1899, sec. 4079; Dowdy v. Wambles, 110 Mo. 284. And this is true although the statement in the justice court would not support a judgment without amendment. Lustig v. Cohen, 44 Mo. App. 271; Lamb v. Bush, 49 Mo. App. 337; Butts v. Phelps, 79 Mo. 303; Witting v. Railroad, 101 Mo. 631; Keene v. Sappington, 115 Mo. App. 33; Warner v. Close, 120 Mo. App. 211; Maxwell v. Quimby, 90 Mo. App. 469; Dowdy v. Wambles, 110 Mo. 284; Rechnitzer v. Vogelsang, 117 Mo. App. 148; Grabbe v. Drayage Co., 42 Mo. App. 522. (2) The statement as amended was sufficient. Ingalls v. Averitt, 34 Mo. App. 371; Cunningham v. Dickerson, 104 Mo. App. 410; Finley v. Dyer, 79 Mo. App. 604;

Clothing Co. v. Railroad, 71 Mo. App. 247; Butts v. Phelps, 90 Mo. 675; Doggett v. Blanke, 70 Mo. App. 502.

NIXON, P. J.—This action was commenced by filing before a justice of the peace in Jasper county the following statement (caption omitted):

"Plaintiff says that the defendant is indebted to him in the sum of three hundred dollars ($300.00) for services rendered him at his special request, for which he asks judgment together with the costs of this suit.

"Itemized bill and statement annexed and marked Exhibit 'A.'"

Plaintiff obtained judgment for $265. Upon an appeal to the circuit court of Jasper county, the plaintiff filed for the first time an itemized statement which is as follows:

"D. Berkowitz, Dr.,
"To W. S. Hammond, Cr.

| | |
|---|---|
| "To 5 per cent of sales on Mdse. from March 1, 1907, to July 8, 1907, amount of sales $2,253.40 . . . . . . . . $ | 112.62 |
| "To amount due on account of securing a tenant for west half of Snodgrass Building from April 1, 1906, to April 1, 1907 . . . . . . . . . . . . . . . . . . | 60.00 |
| "To ½ profits on sale of goods in Indian Territory, profits $88.00 . . . . . . . . . | 44.00 |
| "To 5 per cent on net business from July 8, 1907, to October 18, 1907 . . . . . . | 83.38 |

"$300.00"

During the trial in the circuit court, the plaintiff filed the following amended statement:

"D. Berkowitz, Dr.,
"To W. S. Hammond.
"To amount due W. S. Hammond from
D. Berkowitz on account of services
rendered by said W. S. Hammond
to D. Berkowitz in securing O. E.
Beaman as a tenant for west half
of Snodgrass Building located on
corner of Daugherty and Webb
streets, in Webb City, Missouri, said
tenancy to run from April 1, 1906,
to April 1, 1907.
"Balance due ...................$ 60.00"

The plaintiff in the circuit court, on trial before a jury, obtained judgment for $60, and the defendant perfected his appeal to this court.

During the trial in the circuit court, the defendant objected to the introduction of any evidence because the amended cause of action failed to state sufficient facts, and because the amended statement was a different cause of action from that stated in the original action before the justice of the peace. It does not appear of record that the "itemized bill" referred to in the original statement filed before the justice of the peace was ever actually filed.

The sole question presented on this appeal is, Did the court err in permitting the plaintiff to amend his statement in the circuit court. The first amendment in the circuit court need not be considered, because where several amendments are made in the pleadings, the final amendment is the only one to be considered. The statutes of the State of Missouri have made ample and liberal provisions to protect the trials before justices of the peace upon retrial in the appellate court. The Legislature, in order to remove all doubt concerning amendments in cases appealed from justices of the peace, has enacted section 4079 of the Revised Statutes

of 1899. This section provides that in all cases of appeal, the statement of plaintiff's cause of action "may be amended upon appeal in the appellate court to supply a deficiency or omission therein, when by such amendment substantial justice will be promoted; but no new item or cause of action not embraced *or intended to be included* in the original action or statement shall be added by such amendment." This section was intended to put the parties in such appealed cases in as favorable a situation as to the right of amendment as if the action had been brought in the circuit court, and an amendment which merely amplifies the original statement or renders it more definite and certain is proper. It will be seen in this case that in the original statement before the justice of the peace, the plaintiff claims that the defendant is indebted to him in the sum of three hundred dollars for services rendered at his special request. In the circuit court, the amendment was that the defendant was indebted to the plaintiff on account of services rendered by him "in securing O. E. Beaman as a tenant for west half of Snodgrass Building, . . . Webb City, Missouri, said tenancy to run from April 1, 1906, to April 1, 1907. Balance due, $60." We are of the opinion that this amendment was clearly within the section of the statutes hereinbefore cited; that it was an amendment to supply a deficiency or an omission in plaintiff's first statement, and we are also of the opinion that by allowing such amendment, substantial justice between the parties was promoted.

In the case of Lustig v. Cohen, 44 Mo. App. 271, the statement filed before the justice of the peace was as follows:

"M. Cohen & Co.,
"To Samuel Lustig:
"To balance for services as traveling
  salesman .......... ............$    64.15."

In this statement no dates appear, and there is no allegation that the services were contracted for by the defendant and nothing to show when the services were rendered. Yet the court rightly held that the statement *was sufficient to support an amendment.*

In the case of Butts v. Phelps, 79 Mo. 302, the original statement was as follows:

"Plaintiff states that defendant is indebted to him in the sum of $50 lawful currency, for which he asks judgment."

It was held that although the statement does not contain an averment of a single fact, but states only a conclusion of law, it was sufficient to allow an amendment, the court saying: "The judgment will be reversed, and as, under section 3060, Revised Statutes (1879, now section 4079, R. S. 1899), which is a new section and enlarges the power of the circuit court with reference to allowing amendments of such statements to be made, this statement may be amended, the cause will be remanded."

In the case of Lawrence County Mutual Telephone Company v. T. D. Hope, decided at this term of court, this court has stated the law applicable to amendments on appeal in cases commenced before a justice of the peace as follows:

"The law is well settled in Missouri that the court of the justice of the peace is a tribunal designed and intended for the convenience of parties litigant, in which parties may appear and settle their law suits without the aid of attorneys. Section 3852 provides no formal pleadings shall be required on the part of either party, and the final test has always been—Is the statement sufficient to notify the defendant of the nature of the cause for which he is sued, and sufficient and definite to bar another action for the same subject-matter."

The principles of law announced in the cases herein cited have been so often declared by the courts of this State that they no longer admit of doubt. The defend-

ant in this case had an opportunity in the circuit court by motion to make more specific, any indefiniteness in plaintiff's statement, and he has had a full and fair trial before a jury of his peers, and his indebtedness is established by the forms and rules of pleadings and trials. The judgment of the trial court should be affirmed. All concur.