J. F. JARRETT, Respondent, v. MIKE MOHAN, Appellant.

Springfield Court of Appeals, February 28, 1910.

1. **JUSTICES' COURTS: Sufficiency of Statement.** A statement filed in the justice's court, as follows: "May 10, 1909. Mike Mohan, Dr. to J. F. Jarrett $9 for money wrongfully paid for tie trees as follows: For eleven trees at .70 each. (Signed) J. F. Jarrett." *Held*, sufficient on appeal after judgment in the circuit court, where no motion was filed prior to trial to make the statement more specific.

Jarrett v. Mohan.

2. ———: ———. The court of the justice of the peace is a tribunal designed and intended for the convenience of parties litigant in which parties may appear and settle their lawsuits without the aid of attorneys, and the statutes provide that no formal pleadings shall be required on the part of either party. The final test as to the sufficiency of a statement has always been: is the statement sufficient to notify the defendant of the nature of the cause for which he is sued, and sufficient and definite enough to bar another action for the same subject matter.

3. ———: Actions: What Must Be Filed. The statutes relating to filing suits in justices' courts (Revised Statutes 1899, sec. 3852), mention three kinds of actions, and provides: If the suit is upon an instrument executed by the defendant, the instrument should be filed; if the suit is upon an account, a statement of the account shall be filed; and in other cases, a statement of the facts upon which the cause is founded shall be filed.

4. ———: ———: ———: Statement of Facts may be in Form of an Account. A suit filed in a justice's court may come under the provisions of the statute requiring a statement of the facts to be filed, yet it has never been held that the cause of action might not be properly stated in the form of an account.

5. ———: Defective Statements: Timely Objections: Appellate Practice. When the appellate court finds the statement to be defective, the reversal of the judgment does not necessarily follow. When proper objection was made in the trial court before trial to the defective pleading, the appellate court will reverse the judgment, but if no such objection was made, the judgment will be affirmed unless the statement be fatally defective and is insufficient to support a judgment.

6. PLEADING: Petition Wholly Failing to State Cause of Action: Motion in Arrest. It is a settled rule in this State that a petition or statement that wholly fails to state any cause of action may be taken advantage of by motion in arrest of judgment, or by calling the attention of the court to it for the first time on appeal. This practice is only tolerated where the complaint wholly fails to set forth the cause of action.

7. ———: Where Statement will not Support a Judgment: Appellate Practice. Where defendant at the opening of the trial objects to the introduction of any testimony "because there is no statement filed in this cause of action that will support a judgment," such objection amounts to nothing as saving a point,

for if the statement is insufficient to support a judgment, then that question could be raised for the first time in the appellate court.

Appeal from Ripley Circuit Court.—*Hon. J. C. Sheppard*, Judge.

AFFIRMED (*on remittitur*).

*Thomas F. Lane* for appellant.

(1) The filing of a statement, or the instrument sued on, as the basis of the action, before a justice of the peace, is necessary to give the justice jurisdiction. R. S. 1899, sec. 3852; Odle v. Clark, 2 Mo. 12; Peddicord v. Railroad, 85 Mo. 160; Sidway v. Land & Live Stock Co., 163 Mo. 342; Sone to use, v. Wallendorf, 187 Mo. 12. (2) The statement, while it need not be formal, must advise the opposite party of the nature of the claim against him; in other words, must set out the essential facts constituting his cause of action. Pattison v. Lutz, 1 Mo. App. 133; Kansas City v. Johnson, 78 Mo. 661; Darby v. Jarrett, 85 Mo. App. 274; McCrary v. Good, 74 Mo. App. 425; Redmon v. Railroad, 90 Mo. App. 68; Butts v. Phelps, 90 Mo. 670, 79 Mo. 302.

*J. F. Fulbright* for respondent.

GRAY, J.—This case was instituted before a justice of the peace upon the following alleged cause of action:

"May 10, 1909.

"Mike Mohan, Dr. To J. F. Jarrett, $9.00 for money wrongfully paid for tie trees as follows: For eleven trees at .70 each.

"(Signed.)

"J. F. JARRETT."

The cause was tried before the justice and appealed to the circuit court, and there tried before a jury at the June term, 1909, resulting in a verdict and judgment for the plaintiff in the sum of $9. The defendant has appealed to this court.

The only proceedings at the trial in the circuit court, which are before us for review, are the action of the court in overruling the defendant's objection to the introduction of testimony at the beginning of the trial before the jury, and the action of the court in overruling the motions of the defendant for a new trial and in arrest of judgment, to which rulings of the court, the defendant has properly saved his exceptions.

The judgment is for $9, and the plaintiff's cause of action only shows that he was entitled to recover $7.70. It is true the statement speaks of $9, but states that it is for eleven trees at seventy cents each, and therefore, shows on its face that the plaintiff was not entitled to recover the amount of the judgment. This question was properly raised by the motion in arrest, in the following language: "Upon the record said judgment is erroneous."

The defendant attacks the sufficiency of the plaintiff's cause of action. The law is well settled in Missouri, that the court of the justice of the peace is a tribunal designed and intended for the convenience of parties litigant, in which parties may appear and settle their law suits without the aid of attorneys. Section 3852, Revised Statutes 1899, provides no formal pleadings shall be required on the part of either party; and the final test has always been: Is the statement sufficient to notify the defendant of the nature of the cause for which he is sued, and sufficient and definite to bar another action for the same subject-matter? [Hammond v. Berkowitz, 123 S. W. 502.]

Measured by the above rule, is the statement in this case sufficient? It will be noticed that the only date in the statement is May 10, 1909, and this is the

date that suit was commenced. The statement does not attempt to give any date when it is claimed the money was wrongfully paid for tie trees. It is not an action on an account proper, as this form of action is generally understood. Section 3852, Revised Statutes 1899, provides: "The plaintiff shall file with the justice the instrument sued on, or a statement of the account, or of the facts constituting the cause of action upon which the suit is founded." It will be noticed there are three kinds of actions mentioned in this section. If the suit is upon an instrument executed by the defendant, the statute provides the same shall be filed; if the suit is upon an account, a statement of the account shall be filed. And in other cases a statement of the facts upon which the cause is founded, shall be filed.

The cause of action in this case, comes within the class requiring a statement of the facts to be filed. While this is true, our courts have never held that the cause of action might not be properly stated in the form of an account. In Sone to use v. Wallendorf, 187 Mo. l. c. 13, 85 S. W. 592, our court said: "While the suit authorized by the statute for the recovery of delinquent poll taxes is not one upon an instrument of writing or an account, we do not mean to say that a cause of action might not be properly stated in the form of an account."

The statement is undoubtedly defective, and is not a good pleading when tested by the very liberal rule by which the sufficiency of such statements are determined in this State. When the appellate court finds the statement to be defective, the reversal of the judgment does not necessarily follow. When proper objection was made in the trial court before trial to the defective pleading, the appellate court will reverse the judgment, but if no such objection was made, the judgment will be affirmed, unless the statement be fatally defective and insufficient to support a judgment. [Van

142 App—3

Cleave v. St. Louis, 159 Mo. 574, 60 S. W. 1091.; Warner v. Close, 120 Mo. App. 211, 96 S. W. 491; Basnett v. Mfg. Co., 83 Mo. App. 76; Watkins v. Donelly, 88 Mo. 322; Redel v. Stone Co., 126 Mo. App. 163, 103 S. W. 568.]

In Van Cleave v. St. Louis, *supra,* Judge ROBINSON, who delivered the opinion of the court, said: "We think the statement filed by the plaintiff with the justice in this case meets the requirement of the law, particularly under the circumstances of the present situation, when its sufficiency was not challenged by motion to make same more definite and specific, and both parties announced ready for trial upon issue joined upon the pleading as filed.

"Though the statement is somewhat awkward in construction, and might have been held insufficient in the particulars now asserted by appellant had timely motion to that end been filed with the justice of the peace, or with the circuit court when the case reached there, but after two trials and two judgments, we think the objection comes too late in this court.

"After verdict and judgment it may be presumed that the generality of the charge contained in the statement, was made more specific by a state of facts shown at the trial upon which the verdict and judgment was predicated."

In Redel v. Stone Co., above cited, the Kansas City Court of Appeals, said: "The first attack made by the defendant on the sufficiency of the statement appears in the motion in arrest of judgment, but it is contended that the statement of the cause of action is so fatally defective that it will not support a judgment, and therefore, that the objection is timely. We do not agree with defendant. It is defective and defendant, on motion, would have been entitled to a more specific and definite pleading. The rule is firmly established that 'it is sufficient if such statement advise the opposite party of the nature of the claim and is

sufficiently specific to be a bar to another action.' And in construing such statements great liberality should be observed, especially in cases where no attack is made on the sufficiency thereof until after verdict."

In Basnett v. Mfg. Co., the St. Louis Court of Appeals said: "The complaint is clumsily framed, but it inferentially states a cause of action for a conversion. If the appellant was uncertain as to the nature of the action, its remedy was to require the cause of action to be more definitely stated."

The right to have the judgment of the trial court reversed for failing to require a definite statement to be filed on proper and timely motion made therefor, has been expressly recognized. [Drug Co. v. Crider, 124 Mo. App. 109, 100 S. W. 1099.]

It is a settled rule in this State, that a petition or statement that wholly fails to state any cause of action, may be taken advantage of by motion in arrest of judgment, or by calling the attention of the court to it for the first time on appeal. This practice is only tolerated where the complaint wholly fails to set forth a cause of action, and it will be held bad on a motion in arrest. [Goldsmith v. Candy Co., 85 Mo. App. 595; Sisk v. Insurance Co., 95 Mo. App. 695, 69 S. W. 687; Maugh v. Hornbeck, 98 Mo. App. 389, 72 S. W. 153.]

The appellant waited, in this case, until the jury was sworn to try the case, and when a witness was offered to prove the plaintiff's cause of action, the defendant objected in the following language: "We desire to object to the introduction of any testimony in this cause for the following reasons:

"First, because there is no statement filed in this cause of action that will support a judgment.

"Second, because it appears from the statement that is filed in this cause, that the action is based upon money paid through a mistaken fact, and it could only be recovered in a suit in equity, and that the justice of the peace, or the justice's court, had no juris-

diction at all to try this suit, and this court has no jurisdiction."

The second objection has been abandoned in this court. It will be noticed that the first objection amounted to nothing. If the statement was insufficient to support a judgment, then that question could be raised for the first time in this court. The case was tried before a jury and a verdict rendered in favor of the plaintiff, and no complaint is made in this court of any action of the trial court on the merits. The defense, therefore, is a technical one, and the appellant is entitled to no more favorable rulings in this court than his technical defense warrants. If, before the trial day, he had filed a motion to require the plaintiff to make his statement more definite and certain, and the trial court had overruled his motion, then he would be here in much better position.

We heartily approve the declaration of Judge VAL-LIANT in Haseltine v. Smith, 154 Mo. 404, 55 S. W. 633, as follows: "While the court is bound to sustain an objection of that kind, even at that stage of the case, if it is well taken, yet it does not look with favor on that practice. The fair way is to challenge the sufficiency of the petition in the beginning, and if it is adjudged insufficient and is susceptible of amendment, the fault may be corrected. If a party lies in wait for his adversary the court should not allow him an advantage that he could not have attained in the open field."

Our attention has been called to Rechnitzer v. Vogelsang, 117 Mo. 148, 93 S. W. 326, as an authority for the appellant's position. It must be admitted that a comparison of the many adjudications concerning statements filed before a justice of the peace from time to time, will show that those adjudications have not, at all times, been in strict harmony. The want of harmony, however, has not been because of no definite rule or test to be applied to such statements, but is due to the failure to properly apply the rule to the particular

statement at the particular time before the court.   [Van
Cleave v. St. Louis, *supra.*]

In Rechnitzer v. Vogelsang, *supra,* the suit was
upon an account, and in such cases the statute requires
that a bill of the items of the account shall be filed.
[R. S. 1899, sec. 6138.]   In that case no itemized ac-
count was filed, but the plaintiff contented himself by
simply suing for "Mdse as per bills."   Judge GOODE
held that this was a failure to comply with the provis-
ions of the statute.   In addition to that defect, Judge
GOODE held the statement bad because it contained
nothing from which it could be ascertained as to what
kind of merchandise was the subject-matter of the suit.

In the account filed in this case, the statement
designated the kind of trees as "tie trees," and gives
the number of them at eleven, and the price at seventy
cents each, and alleges that his claim is for money
wrongfully paid for these trees.

The statement in this case is equally as good as
the one in Manley v. Crescent Novelty Mfg. Co., 103
Mo. App. l. c. 137, 77 S. W. 489, which was as follows:

"Crescent Novelty Mfg. Co., to J. S. Manley, Dr.
"By amount paid by J. S. Manley to Crescent
　　　Novelty Mfg. Co., account 75 cutters,
　　　charged at $2.25 apiece, which cutters
　　　were not according to the contract......$168.75."

As stated in another part of this opinion, we do
not hold the statement to be good as against objections
properly and timely made to it, but as against the
specific objection made, we believe the statement suffi-
cient.

The judgment should have been for the sum of
$7.70, but as a remittitur will cure this defect, the judg-
ment should not, for that reason, be reversed.   If the
respondent will enter the remittitur for this excess,
which he may do within twenty days, the judgment
will be affirmed; otherwise it will be reversed and re-
manded.   All concur.