OCEAN ACCIDENT AND GUARANTEE CORPORATION, APPELLANT, v. HIGH-WAY TRANSPORTATION COMPANY ET. AL., RESPONDENTS.—51 S. W. (2d) 889.

Kansas City Court of Appeals.   May 23, 1932.

*Tyree G. Newbill* and *Newbill & Brannock* for appellant.

*Harry L. Donnelly* and *Arthus L. Jones* for respondent.

ARNOLD, J.—This is an appeal from an order of the circuit court sustaining defendants' motions for a new trial and in arrest of judgment, involving an action on an alleged unpaid premium on an automobile liability policy.

The suit was instituted on June 22, 1927, in the court of a justice of the peace of Kaw Township, Jackson County, by filing therein a statement of account, of which the caption is as follows:

"New York, June 7, 1927
"Highway Trans. Co.,    109 W. 4th St. Kansas City Mo.
"Debtor to
"The Ocean Accident & Guarantee Corporation Limited
"United States Branch
"114 Fifth Avenue, New York
"Charles H. Neely
"Manager and Attorney."

Attached thereto and a part thereof is an itemized statement which is not involved in this appeal, and does not need to be set out herein.    On the back of said statement appears the notation, or record, of the justice of the peace, as follows:

"The Ocean Accident & Guarantee Corporation, Limited,
"Plaintiff

—vs.—

"High Transportation Company, a corporation,
"Graham Ship-by-Truck Company, a corporation,
"and Harry W. Shelly,

"Defendants.

"8th & Hickory
"Amount    $500.00
"Interest       53.54
"Filed June 22, 1927, Wm. E. Kehoe, J. P.
            7-8-27
"Newbill, Groves & Brannock

"418 Commerce Building
"Kansas City, Missouri."

The defendants designated on the back of the statement were served with summons, and on the return day the cause was continued; and again continued a number of times, by agreement until January 27, 1928.

The justice's record on the back of the statement indicates plaintiff was suing for $500 and interest in the amount of $53.54.    On said last-named date a default judgment was entered against all the defendants named in the justice's notation on the back of the statement, in the sum of $500, no mention being made therein of the claim for interest.    The Graham Ship-By-Truck Company and Harry W. Shelly appealed to the Circuit Court of Jackson County, at Kansas City.    Harry W. Shelly did not appeal on the same day judgment was rendered against him, and did not serve notice of appeal within ten days of the commencement of the second term of said circuit court, and never at any time serve such notice on plaintiff.    Thereupon plaintiff filed its motion to affirm the judgment of the justice of the peace against the Highway Transportation Company and Harry W. Shelly, for failure to serve notice of appeal.

This motion was sustained and judgment entered against the Highway Transportation Company, Harry W. Shelly, and H. W. Graham, surety on the appeal bond of Shelly.

Thereafter, and within the statutory period, Harry W. Shelly filed his motion for a new trial, and as grounds therefor, alleged (1) the justice of the peace was without jurisdiction over the subject-matter because the amount claimed exceeded the jurisdiction of the justice of the peace, being $35 in excess thereof; (2) the justice of the peace not having jurisdiction of the subject-matter, the circuit court did not acquire jurisdiction and was without authority to affirm the judgment; and (3) the statement or bill of particulars filed in the case does not state facts sufficient to constitute a cause of action against Harry W. Shelly, and shows on its face that he was not liable for the amount demanded. And on the same day, said Harry W. Shelly filed his motion in arrest of judgment, alleging therein (1) that the justice of the peace was without jurisdiction because the amount sued for was in excess of $500, and therefore beyond his jurisdiction; (2) the petition on its face shows that it does not state facts sufficient to constitute a cause of action against said Shelly, and (3) the justice of the peace being without jurisdiction, the circuit court acquired no jurisdiction by reason of the appeal, over the subject-matter of the suit. Both motions were sustained and from this action of the court, plaintiff has appealed.

There is but one assignment of error, to-wit, that the court erred in sustaining the said motions for a new trial and in arrest of judgment. Under points and authorities, it is first urged that if notice of appeal taken after rendition of a judgment by a justice of the peace is not given at least ten days before the second term of the circuit court, after the appeal was granted, it is the circuit court's mandatory duty to dismiss the appeal, or, at appellee's option, after the judgment. Citing Section 2357, Revised Statutes 1929, and three cases in support thereof. Said section reads:

"If the appellant shall fail to give such notice at least ten days before the second term of the appellate court after the appeal is taken, the judgment shall be affirmed, or the appeal dismissed, at the option of the appellee."

This statute and the cases cited, to-wit, Floyd v. Klein (Mo. App.), 298 S. W. 99; Kage v. Oates (Mo. App.), 208 S. W. 126, and Kaiser v. Gardiner (Mo. App.), 211 S. W. 883, announce and support plaintiff's position, being a general rule. However, it is the law that where a case is appealed from a justice court and no notice of appeal is given, the appellant may raise the question as to the sufficiency of the petition by motion in arrest, by motion to quash, or, for the first time in this court; and where the judgment of the justice of the peace is invalid for want of jurisdiction, the circuit court is without jurisdiction. This question was duly considered and de-

termined by this court in Haag v. Ward, 89 Mo. App. 186, 189, where it is said:

"The general rule is that in cases where a judgment of the justice is affirmed, as here, the appellant can have no adjudication in the circuit court as to the sufficiency of the statement filed with the justice unless he duly prosecute his appeal and by notice brings the appellee into the appellate court. (Citing cases.)"

The sufficiency of the petition may be raised in a motion to quash an execution. [Sisk v. Goss (Mo. App.), 280 S. W. 439.] It was held in Jarrett v. Mohan, 142 Mo. App. 29, 126 S. W. 212, a motion in arrest is the proper remedy. The sufficiency of the petition may be raised for the first time in this court. [Jones v. St. Joseph Gazette Co., 285 S. W. 771; Marshall v. Western Envelope Mfg. Co., 295 S. W. 491; Swift v. Insurance Co., 279 Mo. 606, 613, 216 S. W. 935.] With this rule in mind, it is necessary to determine whether the claim, or account, filed herein does, on its face, state a cause of action against Shelly.

The record discloses that the statement upon which the suit was based in the justice court fails to mention the name of Harry W. Shelly, nor does it charge him with owing the account. Such a charge is jurisdictional and necessary. It includes no demand against him in favor of plaintiff. It is true that on the back of the statement, the record of the justice does include the name of Harry W. Shelly as one of the defendants; but this is not sufficient. The statement of account shows on its face only one defendant, the Highway Transportation Company, as debtor, and this is followed by an itemized statement of account, and no mention is made therein of Harry W. Shelly, as debtor.

The statute, section 2185, Revised Statutes 1929, provides:

"No formal pleadings upon the part of either plaintiff or defendant shall be required in a justice's court, but before any process shall be issued in any suit, the plaintiff shall file with the justice the instrument sued on, or a statement of the account, or of the facts constituting the cause of action upon which the suit is founded . . ."

Under our statute the statement of account will not be sufficient unless it discloses a demand in favor of plaintiff against the defendant (Smith v. Zimmerman, 29 Mo. App. 249, 255), and the statement of account in the case at bar discloses no such demand. The name of the debtor, the creditor, the items of account, the amount and dates, must be stated with sufficient certainty to bar recovery in another suit. [Jarrett v. Mohan, supra; Haag v. Ward, supra; Shortridge v. Raiffeisen, 204 Mo. App. 166, 168, 222 S. W. 1031.]

Then statement on the back of the manscript cover may not be considered a part of the statement of account. It does not state a

cause of action and does not, of itself, sufficiently disclose a cause of action. [Jones v. St. Joseph Gazette Co., supra; Goodman v. Meyer, 38 S. W. (2d) 268.] The general rule in this respect is stated in 49 C. J., note (c), as follows:

"In an attachment case, indorsements on the cover of the declaration, consisting of the docket number of the attachment case, the term of the court to which the attachment was returnable, the names of the court, the parties, the pleading, and plaintiff's attorney, and the clerk's entry of filing, were not a part of the pleading but were a part of the official record. It was immaterial that the attorney who drew the declaration prepared the form for the cover with the indorsements thereon. [Smith v. Jacksonville Oil Mill Co., 21 Ga. App. 679, 94 S. E. 900.]

[See also Cook v. Wheeler (Mo. App.), 218 S. W. 929.] The manuscript cover may not be considered a caption and the caption is not a part of the pleading. [Wolff v. Ward, 104 Mo. 127, 157; Boyajian Bros. v. Reinheimer, 229 S. W. 441.]

It is true that formal pleadings in the court of a justice of the peace are not required, but some sort of statement is necessary to advise the defendant of the purpose of the suit, and he must be named as such debtor therein; and the statement must contain sufficient information to inform the defendant for what he is being sued and to bar another action on the same ground. What we have said covers all points raised. The judgment is affirmed. All concur.