AVERY, Respondent, v. TUCKER, Appellant.

**St. Louis Court of Appeals, April 20, 1909.**

1. **EVIDENCE: Books of Original Entries.** Original entries in books of account, made in the usual course of business are admissible in evidence, when offered by the party for whom they were kept, in an action where the transactions to which the entries relate are in issue.

2. ———: **Pleading: Account Books.**  In an action on a negotiable note the petition alleged the plaintiff was an innocent purchaser for value before maturity.  The answer, besides joining issue on those allegations, alleged the payment of a certain sum on the same, and the reply averred the payment mentioned in the answer was not made on the note but was the purchase price for merchandise sold by plaintiff to defendant. *Held*, the account books of the plaintiff relating to the alleged purchase were admissible in evidence on the issue thus raised.

3. ———: ———: **Variance.** The petition declared on a promissory note alleging plaintiff was an innocent purchaser for value before maturity, and the evidence showed plaintiff was payee.  The main contention of defendant was directed toward other issues. *Held*, there was not a failure of proof but a variance, of which defendant could not avail himself by having failed to make affidavit of surprise, according to section 798, Revised Statutes 1899.

Appeal from Knox Circuit Court.—*Hon. Chas. D. Stewart*, Judge.

AFFIRMED.

*O. D. Jones* for appellant.

The note is sued on as one negotiable and it is alleged that the holder and plaintiff succeeded to his title by indorsement. It was incumbent on the plaintiff to prove the indorsement. It is denied in the answer. Dempsey v. Harrison, 4 Mo. 267. The general rule is that the possession of a note not payable to bearer nor indorsed in blank by a third person is not prima facie evidence of ownership. Dorn v. Parsons Estate, 56 Mo. 601. And the possession of an unindorsed note does not relieve the holder from the presumption that the note still belongs to the payee. Rice v. McFarland, 41 Mo. App. 489. Richardson v. Drug Co., 92 Mo. App. 515. Tiedeman on Com. Paper, sec. 303; Daniels on Negotiable Instruments (3 Ed.), 694, 664a-741; Hair v. Edwards, 104 Mo. App. 217; Worrel v. Roberts, 58 Mo. App. 197; Saville v. Huff Estate, 63 Mo. App. 276; Robinson v. Powers, 63 Mo. App. 290; Dunlap v. Kelley, 105 Mo. App. 4.

*L. F. Cottey* for respondent.

A cardinal rule, applicable to pleadings and practice, which has repeatedly received the sanction of all the appellate courts of this State, is "that a party will not be permitted to try his case upon one theory in the trial court, and if unsuccessful on the legal battlefield of his own choosing, spring a fresh theory upon his adversary and undertake finally to enter the contest in this court forming entirely different lines of legal battle." The rule prevails uniformly in this State that the parties, on appeal, are bound by the theory, mode and manner they adopt in the trial court. Henry County

v. Citizens Bank, 208 Mo. 226; James v. Casualty Co., 113 Mo. App. 626; Cobb v. Huston, 117 Mo. App. 651; Atterbury v. Hopkins, 122 Mo. App. 176; Kilpatrick v. Wiley, 197 Mo. 171; Matousek v. Catholic Union, 192 Mo. 596; Fuess v. Kansas City, 191 Mo. 696; Brays' Admr. v. Seigman's Admr., 75 Mo. 40; Hill v. Drug Co., 140 Mo. 439; Chinn v. Naylor, 182 Mo. 594; Gayle v. Mo. Car & Foundry Co., 177 Mo. 455; Land Co. v. Zeitler, 182 Mo. 265; Drug Co. v. Bybee, 179 Mo. 369; Dice v. Hamilton, 178 Mo. 90; Black v. Railroad, 172 Mo. 187; North St. Louis B. & L. Assn. v. Obert, 169 Mo. 507; Mirrelees v. Railroad, 163 Mo. 486; State ex rel. v. Chick, 146 Mo. 661; Tomlinson v. Ellison, 104 Mo. 105; Walker v. Owen, 79 Mo. 567; Ewart v. Young, 119 Mo. App. 486; Glassey v. Furnace Co., 120 Mo. App. 31; Warehouse Co. v. Railroad, 124 Mo. App. 568. It is now well settled in this State that an account book of original entries, fair upon its face, shown to have been kept by the party himself or his clerk, and in the usual course of business, is admissible, even in favor of the party by whom it is kept. Milling Co. v. Walsh, 108 Mo. 277; Robinson v. Smith, 111 Mo. 205; Seligman v. Rogers, 113 Mo. 642; Walser v. Wear, 141 Mo. 443; Borgess Inv. Co., 142 Mo. 560; Stephan v. Metzger, 95 Mo. App. 609; Collins v. Life Ins. Co., 112 Mo. App. 209; Railroad v. Iron Works, Co., 117 Mo. App. 153; Bader v. Schult & Co., 118 Mo. App. 22; Wright v. Railroad, 118 Mo. App. 392; Stuyvaent v. Arnold, 122 Mo. App. 421.

GOODE, J.—Action on a negotiable promissory note dated May 19, 1906, at Edina, Missouri, executed by defendant and whereby he promised to pay to the order of the Knox Milling Company $320.06 for value received, with interest at six per cent from date, and indorsed on the back under date of July 18, 1906: "Pay to the order of George L. Avery." In the petition it is alleged the note was assigned by the payee, Knox Milling Company, to plaintiff in accordance with the indorse-

ment. The answer admitted execution by defendant, denied the other allegations of the petition and said defendant caused the original payee, Knox Milling Company, to be paid by Mary E. and C. A. Uhl, the sum of $220 on the note on January 31, 1906, alleged the note was executed on September 16, 1905, instead of the day it was dated, and that said payment was made by the Uhls after execution and delivery, but prior to said date. The answer further alleged plaintiff was not a holder or purchaser in good faith for the reason the note was assigned to him without recourse, after due and after said payment had been made, but without a credit being entered on the back of the note. The genuineness of the indorsement to plaintiff was denied and it was alleged there was no such company or corporation as Knox Milling Company. Defendant admitted owing one hundred dollars, principal and interest, and offered to permit plaintiff to take judgment for said amount. The reply denied allegations of new matter in the answer, averred the note was assigned to plaintiff before maturity and he was a holder for value without any notice regarding its consideration. Previous to December 16, 1905, defendant had been engaged in the grocery business in Edina, Missouri, but about said date sold his stock of merchandise to Mary E. and C. A. Uhl. Just before the sale he had ordered a bill of flour to cost $220 from the Knox Milling Company, a concern of Galesburg, Illinois. Part of the consideration of the deal between defendant and the Uhls was an agreement by the latter to pay for the flour, which had not yet arrived, but when it did would go into the stock of merchandise; and so they remitted for it when due. Defendant says the note in suit, though dated May 19, 1906, was executed on or about the first of January of said year, covered the price of the flour and the payments by the Uhls ought to have been credited on it. The Knox Milling & Exchange Company was a corporation in which plaintiff Avery was interested and whose assets he purchased

May 11, 1906, thereafter carrying on the business in the name of the Knox Milling Company, named as the payee of the note. The Knox Milling Company therefore was not a corporation, but simply plaintiff's business name or style and the note was really made payable to him. The action was brought under said style because the attorney to whom the note was sent for collection did not know the facts, but supposed the Knox Milling Company was a corporation and owned the instrument. Plaintiff's contention, which is supported by testimony, was that the amount of the note did not include the price of the flour; that though given after defendant had sold out to the Uhls, it was meant to settle an indebtedness which had accrued from various other purchases made by defendant to the Knox Milling & Exchange Company prior to said sale and running from some time in 1904 to near the close of 1905. It would be useless to recite the testimony pro and con on this question and we will only say defendant was quite positive part of the consideration for the note was the $220 to be paid for the flour, and that he had fully settled with the Knox Milling Company for all indebtedness growing out of earlier transactions between him and the milling company; whereas the evidence for plaintiff was very cogent to the contrary and tended to prove defendant owed the full amount of the note without reference to the bill of flour. One item of evidence should be adverted to because error is assigned regarding it. This is a bill or statement of transactions between defendant and the Knox Milling & Exchange Company which purported to have been receipted as paid by a memorandum written across its face, signed by F. A. Green. Defendant testified he paid one Green the amount of the bill ($268) in cash, thereby clearing up what he owed for previous purchases of merchandise, and leaving no debts which would be full consideration for the note in suit if the cost of the flour was excluded. Defendant testified the man he paid was a traveling salesman of the milling and exchange company, but it

turned out the only man by the name of Green who traveled for the company was Horton B. Green, not F. A. Green. Horton B. Green testified the signature to the receipt was not his, and that signature and several genuine signatures of said Green were put in evidence and submitted to this court for comparison. They look to be in different handwritings. But defendant testified Horton B. Green was the very man to whom he paid the money and who signed the name F. A. Green to the receipt. Various entries in the books of account of the milling company were introduced to show purchases and payments made by defendant through 1904 and 1905 and prove he owed the amount of the note regardless of the flour purchased. Defendant objected to this evidence on the score that Avery, who testified the entries were original ones in the books of the company, could not refresh or revive his recollection, because he did not make them or see them made; but the entries were admitted in evidence as having been made in the course of business and were competent. [Anchor Milling Co. v. Walsh, 108 Mo. 277.] The rules of law regarding what memorandum a witness may use to refresh or revive his memory, is not in point.

Another assignment of error is that the case was tried outside the issues joined in the pleadings, wherefore irrelevant evidence was admitted, and the allegations of the petition remain unproved. The supposed irrelevant evidence consisted of account books of the Milling Company and some other testimony, all of which was received to show from what transactions the indebtedness covered by the note accrued. This evidence was objected to because the cause of action stated in the petition was, that plaintiff was an innocent holder of a negotiable instrument obtained by him for value before maturity and his right to recover, according to the face of the instrument, could not be impaired by payments made to the payee named in it which had not been en-

tered on it as credits. It is true issues are joined in the pleadings, particularly in the answer and reply, as to those matters; but issue was joined too, and necessarily, regarding whether the $220 paid by the Uhls, was paid on the note—whether it should be treated as a payment on that obligation; and the answer to this question depended on whether the note was given to cover the cost of the flour bought by defendant of the Milling Company and for which the Uhls had agreed to pay, or embraced only the amounts of other purchases. The evidence supposed to be incompetent, was relevant to this issue alike if plaintiff was an indorsee or if he was the original payee; for unless the note included the price of the flour, defendant was not entitled to have it credited in either contingency with the Uhl's remittance. The only difference in the result would be that, if plaintiff was an innocent indorsee, no credit could be allowed as against him even though the price of the flour was embraced in the note. This assignment of error will be overruled.

It is further contended the evidence for plaintiff failed to prove the allegations of the petition in their entire scope and meaning. The point for decision as regards plaintiff's right to recover in the capacity of payee, on pleadings demanding a recovery as an innocent indorsee, calls into the discussion section 798 of the Statutes (R. S. 1899) which reads:

"Where the allegation of the cause of action or defense to which the proof is directed is unproved, not in some particular or particulars only, but in its entire scope and meaning, it shall not be deemed a case of variance, but a failure of proof."

No point was raised about the supposed failure of proof or variance at the trial or in the motion for new trial, and if it was but a variance, defendant was bound to proceed in the statutory mode by filing an affidavit of surprise. Instead of doing this, his efforts, from the first, were directed solely toward proving the payments

were made on the note. The questions of whether or not plaintiff was the owner and holder of the note and whether the credits claimed by defendant had been paid on it, were as much within the scope of the pleadings as the question whether plaintiff was an innocent indorsee for value, and the evidence for both parties was directed almost exclusively to the former issues, and in the requested instructions of both they only were submitted to the jury. Indeed, in objecting to evidence offered by plaintiff to show defendant owed the milling company the amount of the note with the price of the flour left out, defendant's counsel said: "The only question under the pleadings in this case is whether the credit of $220 was paid and should be indorsed on this note; that is the point in issue." We examined the decisions in this State regarding what is a variance between the pleadings and the evidence and what a total failure of proof, in Litton v. Railroad, 111 Mo. App. 140, and found them inconsistent and even capricious. As the issues to which the evidence was directed were joined in the pleadings, we incline to the opinion there was at most but a variance in the present case, and cite as authorities Pomeroy, Code Rem. (4 Ed.), 449, 558 and cases cited in notes, particularly Mercier v. Insurance Co., 24 Wash. 147 and N. Y. News Pub. Co. v. Steamship Co., 148 N. Y. 39. Without going over the instructions *seriatim,* we will say those issues were presented to the jury in a manner fair to both parties, and as the evidence amply justified the judgment entered on the verdict in plaintiff's favor, it must be affirmed. All concur.