H. M. GREEN, Respondent, v. E. P. CRUTCHER et al., Appellants.

**Kansas City Court of Appeals, May 16, 1910.**

1. **PLEADING: Justice of the Peace: Suit on One Cause of Action, Recovery on Another.** While the law does not require the same strictness in pleading before a justice of the peace that it requires in a court of record, yet even in the justice court a plaintiff cannot allege one cause of action and recover on proof of another cause of action.

2. ———: ———: ———. An allegation that defendants were indebted to plaintiff for dirt furnished for improving certain building lots will not permit the recovery of a commission for procuring the dirt.

Appeal from Jackson Circuit Court.—*Hon. Hermann Brumback,* Judge.

REVERSED AND REMANDED.

*Warner, Dean, McLeod & Timmonds* and *H. M. Langworthy* for appellants.

(1) A plaintiff will not be permitted to bring a suit upon one cause of action and recover upon another. Ensworth v. Barton, 60 Mo. 511; Eyerman v. Cemetery Assn., 61 Mo. 489; Huston v. Scale Works, 56 Mo. 416; Robinson v. Rice, 20 Mo. 229; Chitty v. Railway, 148 Mo. 64; Raming v. Railway, 157 Mo. 477; Harrison v. Railroad, 37 Mo. 307. (2) This rule obtains with equal force, even in a justice court, notwithstanding the liberality in pleadings accorded therein. Wathen v. Farr, 8 Mo. 324; Clements v. Yeates, 69 Mo. 623; Sandeen v. Railroad, 79 Mo. 278; Phillips v. Mastbrook, 24 Mo. App. 129; Edwards v. Albrecht, 42 Mo. App. 497; Penninger v. Reilley, 44 Mo. App. 255; Turner v. McCook, 77 Mo. App. 196; Trust Co. v. Investment Co., 82 Mo. App. 260.

*Clif. Langsdale* for respondent.

This cause of action is based on a bill for services for improving certain lots, and the items mentioned in the statement were only intended to, and it is only necessary under the law that they should, direct the attention of the defendants to the manner in which the bill was made up. It was not necessary for plaintiff to itemize his bill at all, unless required to do so upon the request of defendants, and it would have been sufficient for him to have described the items in question simply as "dirt, $133.75." Coughlin v. Lyons & Sullivan, 24 Mo. 533; Burt v. Warne, 31 Mo. 296; Iba v. Railroad, 45 Mo. 469; Norton v. Railroad, 48 Mo. 387; Butts v. Phelps, 79 Mo. 302; Force v. Squier, 133 Mo. 306; Lord v. Koenig, 7 Mo. App. 453; Strathmann v. Gorla, 14 Mo. App. 1; Sturdy v. Land & Cattle Co., 33 Mo. App. 44; Ingalls v. Averitt, 34 Mo. App. 371; Bauer v. Barnett, 46 Mo. App. 654; Rechintzer v. Railway, 60 Mo. App. 409; Barham v. Colp, Arnold & Co., 87 Mo. App. 152; Maxwell v. Quimby, 90 Mo. App. 469; Johnson v. Kahn, 97 Mo. App. 628; Manley v. Crescent Novelty Co., 103 Mo. App. 135.

BROADDUS, P. J.—The plaintiff began this suit before a justice of the peace on the following statement:

"Plaintiff states that on or about the 7th day of September, 1907, the defendants employed him to improve certain lots at the corner of Independence avenue and Highland avenues in Kansas City, Missouri; that on account of said employment defendants owe plaintiff for one man and team for sixty-three hours, $31.50, one man helping and cutting weeds, 24 hours, $6; for cross-sectioning field, $5; for 5350 yards of dirt, $133.75, total $176.25."

The case was tried in the justice court and judgment rendered and appeal taken to the circuit court,

where the plaintiff obtained judgment and defendants appealed.

Prior to the trial defendants tendered to the plaintiff the amount of the first three items. The proof showed that plaintiff had an agreement with defendants to do some work on the lots; that he had done some grading, had had the weeds cut, and the ground cross-sectioned.

Over defendant's objection the plaintiff was permitted to prove that he found a man named Norton who had dirt to sell and that he bought it from him, and that Norton hauled and put it in on the lots; that the defendants paid for the dirt; and that plaintiff's charge of $133.75 was his commission for finding and buying it.

The plaintiff recovered judgment including the charge of $133.75 and defendant appealed.

The defendants urge that the court committed error in admitting evidence on said item for two reasons, *viz.*: First, because the statement is not sufficiently definite to bar another action on the same subject-matter, and, Second, because plaintiff stated one cause of action and was permitted to recover upon another and different cause of action.

The law does not require that strictness of pleading before a justice of the peace as it requires in a court of record. And the courts have been very indulgent and have gone so far as to hold that a statement in such cases is sufficient if it can be determined from its language what the pleader intended to allege as a cause of action.

The statement on its face amounts to a charge that plaintiff furnished defendants a certain quantity of dirt. The proof offered and accepted by the court disproves the statement, or rather it shows that defendants furnished their own dirt, and plaintiff charges a commission for his services in finding and buying it.

The claim is for material furnished and the proof goes to a claim for services rendered.

We have made every possible effort to sustain the case as made out, but we have been unable to do so by any process of reasoning.

The argument of plaintiff is that defendants ought not to be heard to complain of the error as they did in fact know what plaintiff intended by his claim. This argument does not strike us as being of any force whatever. As a matter of fact almost every defendant sued in a justice court knows what the nature of the plaintiff's claim against him is, as soon as he is served with a summons, yet it would not do to say for that reason the plaintiff need not file an intelligent statement of his cause of action.

It is a well-established rule of pleading that plaintiff will not be permitted to bring a suit upon one cause of action and recover upon another. And this rule applies to suits brought in justice courts as well as circuit courts. [St. L. Trust Co. v. Am. Real Est. & Inv. Co., 82 Mo. App. 260; Turner v. McCook, 77 Mo. App. 196.]

For the error noticed the cause is reversed and remanded. All concur.