FERDINAND RUNDELMAN, Respondent, v. JOHN O'BRIEN BOILER WORKS COMPANY, Appellant.

St. Louis Court of Appeals, December 2, 1913.

1. **JUSTICES' COURTS: Pleading: Defective Statement: Demurrer Ore Tenus.** An objection in the circuit court, on appeal from a justice's court, to the introduction of any evidence for the reason the statement is not sufficient "to constitute a cause of action," merely challenges the sufficiency of the statement as for a total failure to state a cause of action, and does not fulfill the office of a motion to make the statement more definite and certain.

2. ———: ———: **Totally Defective Statement: Time for Raising Objection.** Advantage may be taken of a fatally deficient statement filed in a justice's court at any stage of the case, even in the appellate court.

3. ———: ———: **Requisites of Statement.** The test of the sufficiency of a statement filed in a justice's court is, that it must be sufficiently definite and specific to apprise the defend-

Rundelman v. Boiler Works Co.

ant of the nature of the claim against him and to operate as a bar to another action on the same demand.

4. ———: ———: **Sufficiency of Statement.** In an action instituted in a justice's court, plaintiff filed the following statement:

St. Louis, Mo., Aug. 17, 1911.

John O'Brien Boiler Works Co.,
    To Ferdinand Rundleman, Dr.

To 51 hrs. work at Belleville, Ill., at
    40 cts. per hour ..................................... $20.40
    Received from Company                          7.00
    Paid out for Company paid out                  3.30
                                                   _____
        Due Company                                3.70
    Cash ......................................     6.80
                                                   _____
                                                   10.50

| Room rent .......... 2.00 | Wages ............. 20.40 |
| Helper O'Brien ...... 1.00 | Moneys Recd ...... 10.50 |
| | |
| Car fare ............ .30 | Balance due ........ 9.90 |
| _____ | |
| 3.30 | |

*Held*, that, in view of the fact that plaintiff must be deemed to have sued for all the work performed at the place designated, for which compensation was due, the statement was sufficient, as against the charge that it failed to apprise defendant of the nature of the claim and as against the charge that it was not definite enough to bar another action on the same demand, although the dates on which the work was performed were not set out.

5. **RES ADJUDICATA:** **Rights Concluded.** A judgment concludes the rights of the parties with respect to the cause of action stated in the pleadings, whether they embrace all or only a portion of the demand involved in the cause of action.

6. **ACTION:** **Splitting Cause of Action:** **Res Adjudicata.** The plaintiff may not split an entire claim into two or more actions, whether it arises upon contract or in tort, so that where there are claims payable at different times, as where installments fall due at different periods, arising out of the same contract, even though a separate action may be brought as each amount or installment falls due, nevertheless if an action is brought when two or more such amounts or installments are due, all then due must be included in that action, and if any be omitted, the judgment will operate as a bar to the prosecution of another suit therefor.

Rundelman v. Boiler Works Co.

7. **JUSTICES' COURTS: Pleading: Construction of Statements.** A very liberal rule prevails with respect to statements filed in justices' courts, in view of the character of such courts and the fact that they are intended as a forum where small litigants may obtain redress without the expense of employing counsel.

8. ——: ——: **Variance.** It is no more permissible for a party to bring a suit in a justice's court on one cause of action and recover on another than it is in a court of record.

9. ——: ——: ——: **Mode of Objecting.** The rule that a party must interpose timely objection to the admission of evidence outside of the scope of the pleadings, grounding such objection upon such variance and supporting it by affidavit setting forth the respect in which he has been misled, as required by Sec. 1846, R. S. 1909, is applicable to justices' courts.

10. ——: ——: ——. In an action instituted in a justice's court, for work performed in a designated city, the fact that it was established that a part of the work sued for was performed in another city did not amount to a total failure of proof, but was merely a variance, and where, on appeal to the circuit court, defendant did not object to such evidence, on the ground of variance, nor file the affidavit required by Sec. 1846, R. S. 1909, he was precluded from complaining of the variance in the Court of Appeals.

Appeal from St. Louis City Circuit Court—*Hon. Eugene McQuillen,* Judge.

AFFIRMED.

*Leahy, Saunders & Barth* for appellant.

(1) The statement of account filed in the justice court and continued unamended in the circuit court was insufficient to apprise appellant of the nature of the claim, and was insufficient in law. The statement contains no dates upon which the work was done, or dates either when moneys were received or expended. The only date appearing is in the caption which is the date upon which the suit was filed in the justice court. Such statements have invariably been condemned by the appellate courts and held insufficient. Rechnitzer v. Vogelsang, 117 Mo. App. 148; Moffitt-

West Drug Company v. Crider, 124 Mo. App. 109; Mc-
Crary v. Goode, 74 Mo. App. 425; Broughton v. Rail-
road Co., 25 Mo. App. 10; Doggett v. Blanke, 70 Mo.
App. 499; Moffitt-West Drug Co. v. Johnson, 80 Mo.
App. 428.   (2)   Where the plaintiff's own testimony
is inconsistent with his statement of account, there is in
so far a failure of proof, and the Court of Appeals will
not suffer a judgment to stand when founded upon
such inconsistency and when wholly against the evi-
dence.   Grace v. Gill, 136 Mo. App. 190; Griswold v.
Haas, 145 Mo. App. 585; Hensler v. Stix, 133 Mo. App.
175; Klostermann v. Kage, 39 Mo. App. 60.

*Frank A. C. MacManus* for respondent.

(1)   The statement filed with the justice is suffi-
cient to support a verdict and there was evidence to
support it.   Gunther Bros. v. Aylor, 92 Mo. App. 166;
Strickland v. Quick, 45 Mo. App. 610; Trimming
Co. v. Railroad, 165 Mo. App. 354; Stratton v. Dud-
ding, 164 Mo. App. 23.   (2)   This judgment was con-
clusive of all labor performed by plaintiff up to and
inclusive of August 17, 1911, as against plaintiff in
any other cause between the same parties.

ALLEN, J.—This is an action begun before a jus-
tice of the peace by filing the following account:

St. Louis, Mo., Aug. 17, 1911.
John O'Brien Boiler Works Co.
To Ferdinand Rundelman, Dr.
To 51 hrs. work at Belleville, Ills., at 40 cts. per hour
$20.40.

|  |  |
|---|---|
| Received from company ....... | 7.00 |
| Paid out for company paid out.. | 3.30 |
| Du company .......... | 3.70 |
| Cash ...... ...... | 6.80 |
|  | 10.50 |

| | |
|---|---|
| Room rent ...... | 2.00 |
| Helper O'Brien . | 1.00 |
| Car fare ........ | .30 |

|  |  |
|---|---|
| | 3.30 |
| Wages ........ .... | $20.40 |
| Moneys Recd ....... | 10.50 |
| · Balance due ......... | $9.90 |

Plaintiff prevailed in the justice court and defendant appealed to the circuit court, where the cause was tried before the court without a jury, a jury having been waived, resulting in a judgment for plaintiff for the balance claimed to be due, to-wit, $9.90. From this judgment defendant has prosecuted its appeal to this court.

I.   Appellant contends that the statement filed before the justice does not measure up to the requirements respecting such statements and is insufficient. With regard to this question we may say, in the first place, that the case is not one where the defendant moved below to make the account more definite, properly saved its exceptions to the overruling of such motion, did nothing to waive the point, and brought that question here for us to review. No such motion was here made. It is true, however, that the defendant interposed an objection to the introduction of any evidence in the case, "for the reason that the petition filed in the justice court is not sufficient under the law to constitute a cause of action;" which objection was overruled, defendant excepting. Such objection, however, merely had the effect of challenging the sufficiency of the account as for a total failure to state a cause of action under the rule respecting the sufficiency of statements before justices of the peace. Consequently it does not affect the question on appeal; for

if the statement is in fact fatally deficient, such deficiency may be taken advantage of at any stage of the case, even in the appellate court. Such objection cannot fulfill the office of a motion to make the account more specific and definite. [Jarrett v. Mohan, 142 Mo. App. 29, 126 S. W. 212.]

The question then before us in this regard is whether the account filed is fatally defective and insufficient to support the judgment. The rule is well established that the test of the sufficiency of a statement filed before a justice of the peace is that it must be sufficiently definite and specific to apprise the defendant of the nature of the claim against him and to operate as a bar to another action on the same demand. As to this numerous cases might be cited, but see Rechnitzer v. Vogelsang, 117 Mo. App. 148, 93 S. W. 326; Fixture Co., v. Baseball Co., 152 Mo. App. 601, 133 S. W. 849.

Tested by this well known rule, is the statement before us sufficient? It must be conceded that the cases in this State, in which the sufficiency of various statements filed before justices of the peace have been passed upon, are by no means harmonious. Such lack of harmony, however, at least in all of the more recent cases, does not arise because of any conflict as to the rule to be applied in testing the sufficiency of such statements, but from the application of the rule to the particular statements under consideration. Appellant relies, in large measure, upon the decision of this court in Rechnitzer v. Vogelsang, supra. There the account under consideration was as follows:

St. Louis, 720 Century Bldg., June, 1903.

Mr. Henry Vogelsang, acct. for Edw. J., 10th and Olive.

| | |
|---|---|
| To Mdse. as per bills | $68.00 |
| To Mdse. as per bills | 11.80 |

$79.80

1903.
June 9, by cash..........$5
June 16, by cash.......... 2

$7.00

$72.80

Of this we said, through GOODE, J.: "It will be observed that the statement contains no description of the merchandise sold or the dates on which the sales were made. For aught it contains, the goods may have been as well groceries or hardware, as stationery, and the dates may have been during any period preceding June, 1903. In fact the sales occurred on different dates in the year 1899. The statement was insufficient to appraise the defendant of the nature of the claim against him or to bar another action on the same demand. This is true, because there is nothing in it by which the particular merchandise that is the subject-matter of the action can be identified; nothing to show what sort of articles composed the claim, or when they were sold and delivered. Therefore, the facts needed for identification are not given."

The statement was held to be insufficient to support the judgment; the following cases being cited in support of such ruling, viz., Brashears v. Strock, 46 Mo. 221; Swartz v. Nicholson, 65 Mo. 508; Butts v. Phelps, 79 Mo. 302; Boughton v. Railroad, 25 Mo. App. 10; Doggett v. Blanke, 70 Mo. App. 499; Moffitt-West Drug Co. v. Johnson, 80 Mo. App. 428; McCreary v. Good, 74 Mo. App. 425.

In a later case in this court, viz., Moffitt-West Drug Co. v. Crider, 124 Mo. App. 109, 100 S. W. 1099, a similar account was condemned as insufficient, under the authority of Rechnitzer v. Vogelsang, supra, and the authorities there cited, although the items thereof were dated.

However, the still more recent decision of this court in Mercantile Co. v. Devore, 130 Mo. App. 339, 109 S. W. 808, should be considered in this connection. There the action was not one originating before a justice of the peace, but the sufficiency of an account annexed to a petition in the circuit court was under consideration. The items of this account were specified to be for "merchandise," and the petition itself alleged that the account was for "goods, wares and merchandise." The account, as aided by the answer, showed the dates of the various items. It was held, in the majority opinion written by Nortoni, J., that the allegation in the petition included all kinds of goods, wares and merchandise sold by plaintiff to defendant on the specified dates; and that it was sufficient to bar another action between the same parties for goods, wares or merchandise of any character sold on such dates. The Rechnitzer case, supra, was distinguished upon the ground that the account in that case did not show the dates or even the months upon which the alleged merchandise was purchased, and that it was not there aided by an answer.

The foregoing cases involved accounts for goods sold and delivered, and many other cases might be referred to involving like accounts. In the case before us the action is one for services. The account is for fifty-one hours work at Belleville, Illinois, at 40 cents per hour. No dates are given, excepting the date appearing at the head of the account which was the date of the institution of the suit. It is not contended that the latter has any reference to the time at which the work in question was performed.

It will be observed that the decision in Rechnitzer v. Vogelsang, supra, is based upon the ground that, since the account was merely for merchandise, and no dates were given, it was, taken as a whole, so vague and indefinite that it did not serve to identify the subject of the action, and was not sufficient to operate as

a bar to another suit upon the supposed claim. The account before us is for work alleged to have been performed at Belleville, Illinois, the number of hours being specified, though no dates appear. By the account it would seem that the plaintiff sought to charge the defendant for everything due plaintiff for work performed by him at the place designed in the account. It would seem to be sufficient as against the charge that it fails to apprise the defendant of the nature of the claim, especially when the latter did not move to make it more definite.

The only argument against the account which appears to inhere with any force is that it will not bar another action on the same demand. However, a consideration of this subject has led us to the conclusion that it should also be upheld as against this attack. This is for the reason that we think that plaintiff, as we have said above, must be deemed to have sought to charge the defendant with all of the work which he had performed at Belleville, Illinois; at least for all compensation therefor which was due and owing at the institution of the suit. It is well established that a judgment concludes the rights of the parties with respect to the cause of action stated in the pleadings on which such judgment was rendered, whether the pleadings embrace all or only a portion of the demand involved in the cause of action. This is for the reason that a plaintiff may not split one entire claim into two or more actions, whether it arise upon contract or in tort. [See Union Railroad and Transportation Co. v. Traube, 59 Mo. 355; Puckett v. Annuity Ass'n, 134 Mo. App. 501, 114 S. W. 1039.] It is true the rule is otherwise where demands are necessarily separate and distinct causes of action. But even where there are claims payable at different times, as where installments fall due at different periods, arising out of the same contract, even though a separate action may be brought as each amount or installment falls due, never-

theless if an action is brought when two or more such amounts or installments are due, all then due must be included in that action, and if any be omitted, the judgment will operate as a bar to the prosecution of another suit therefor. [Union Railroad etc., Co. v. Traube, supra; Puckett v. Annuity Ass'n supra.]

It would seem that plaintiff's account should and will operate as a bar to any claim for work performed by him prior to the institution of the suit that can be said to be identified by the account filed. The latter identifies work performed at Belleville, Illinois, which it is said consisted of fifty-one hours work. And we think that it should be held to state a cause of action for any work thus designated and which was performed by plaintiff; that it will operate as a bar to any future action for any such work; and that should plaintiff have omitted to claim compensation for any other work that may be so classed and identified, he will be precluded by this judgment from asserting such claim.

In this view we are of the opinion that the account, though no dates appear, is not in the same category as the vague and indefinite account appearing in the Rechnitzer case, supra. The subject-matter of the action is so far identified, we think, as to render the account sufficient to support the judgment.

A very liberal rule prevails with respect to statements filed before justices of the peace; and this should be so because of the character of such courts and the fact that it is common for a plaintiff there to prepare and file his own statement or account. In fact such court is intended as a forum where the poor man, or the small litigant, may obtain redress without the expense of employing counsel. It is necessary, however, that any statement filed be sufficient to sustain a judgment, when tested by the liberal rule applicable thereto. The account before us when tested by that rule, with every reasonable intendment which should

now be indulged in its favor, does not appear to be fatally insufficient.

In Grabbe v. Drayage Co., 42 Mo. App. 522, this court, in an opinion by ROMBAUER, P. J., held an account for services to be sufficient which was in the following form, viz: "To balance due for wages as common laborer, ten days, $16;" the date of the rendition of the services not appearing. And in this connection see also Allen v. McGouagh, 77 Mo. 478; Weese v. Brown, 102 Mo. 299, 14 S. W. 945; Jarrett v. Mohan, supra; Findley v. Dyer, 79 Mo. App. 604; Fixture Co. v. Baseball Co., supra.

We do not undertake to harmonize the various cases on the subject, nor to justify the ruling in all of the cases just referred to, under the rule stated and here sought to be applied. We refer to a few of the many cases that might be cited, merely as showing the lengths to which our courts have gone in sustaining informal and rather indefinite accounts filed before justices of the peace.

II. Appellant assigns as further error that plaintiff was permitted to recover for services rendered other than that called for in the account; and that thereby plaintiff was permitted to plead one cause of action and recover, in part at least, upon another. This assignment of error is predicated upon testimony of plaintiff at the trial which made it appear that a part of the services rendered and for which the plaintiff claimed compensation were performed in the city of St. Louis and not in Belleville, Illinois, as charged in the account.

It is quite true that it is no more permissible for a party to bring a suit before a justice of the peace on one cause of action and recover on another, than it is in a court of record. [Turner v. McCook, 77 Mo. App. 196; St. Louis Trust Co. v. Real Estate Co., 82 Mo. App. 260; Green v. Crutcher, 143 Mo. App. 595, 128

S. W. 768; Griswald v. Haas, 145 Mo. App. 578, 122 S. W. 781.]

In the case before us, there was not a total failure of proof as contemplated by section 2021, Revised Statutes 1909, but a variance between the allegations of the statement of the cause of action as contained in the account, and the proof offered in support thereof. And section 1846, Revised Statutes 1909, provides the manner in which the objecting party must proceed to take advantage of such variance. It is also well settled that a party must interpose timely objection to the admission of evidence outside of the scope of the pleadings, grounding such objection upon such variance between the pleadings and the proof:

In Fisher, etc., Co. v. Realty Company, 159 Mo. 562, 62 S. W. 443, the court said: "It has always been the law that the *allegata* and *probata* must correspond. That a party cannot declare upon one cause of action and recover upon another is axiomatic in our law. But it is also equally well settled in our State that timely and appropriate objection must be made to the introduction of the evidence offered, on the distinct ground of a variance between the *allegata* and *probata,* and that the objecting party must proceed in the manner provided by section 2096, Revised Statutes 1889 (now section 1846, Revised Statutes 1909), otherwise his objection will not be considered. And the affidavit setting forth in what respect a party has been misled is the sole test of the materiality of a discrepancy between the *allegata* and *probata.* If a party fails to avail himself of section 2096, supra, in the trial court, it is too late to complain in the appellate court." Many authorities are cited. [See, also, Mellor v. Railway Co., 105 Mo. 455, 16 S. W. 849; Harrison v. Lakenan, 189 Mo. 581, 88 S. W. 53; Donovan v. Brewing Co., 92 Mo. App. 341; White v. Gilleland, 93 Mo. App. 310; Litton v. Railroad, 111 Mo. App. 140, 85 S. W. 978, and authorities cited; Avery v. Tucker, 137 Mo. App. 428,

118 S. W. 672.] And the fact that the suit is one originally begun before a justice of the peace cannot affect the application of this rule.

In the case before us, the record discloses that appellant did not interpose timely objection below to the introduction of the evidence which it is now claimed permitted a recovery upon a cause of action different from that stated in the account. It is true that the record reveals a brief colloquy between counsel and the court respecting a portion of the services which from the testimony appear to have been rendered in the city of St. Louis. However, no objection whatsoever appears to have been interposed; nor was any exception preserved to any action of the court in the premises; and no affidavit of surprise was filed. This being true, under the authorities to which we have above referred, it is now too late for the appellant to complain of a variance between the pleading and proof; for, as to this, the appellant is now concluded by the judgment.

The foregoing are the only assignments of error before us. We have carefully examined them, and our conclusion is that they must be ruled against the appellant. The judgment should therefore be affirmed. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.