LOUISE LAZERINE, Respondent, v. LORENTZ
LAZERINE, Appellant.

**St. Louis Court of Appeals, December 31, 1913.**

1. **INSTRUCTIONS: Refusal: Covered by Other Instructions.** It is not error to refuse an instruction where the matter it covers is fully covered by another instruction given.

2. **APPELLATE PRACTICE: Conclusiveness of Verdict.** The appellate courts are not permitted to disturb a judgment on the ground that the verdict is against the weight of the evidence; the only question on this score that is open to review being, whether there is any substantial evidence to support the verdict.

3. **CONVERSION: Evidence: Relevancy.** In a suit by defendant's divorced wife to recover the value of personal property which she claimed he had converted, but which defendant claimed he had given to her conditionally, retaking it because she did not comply with the conditions, *held* that evidence as to plaintiff's private affairs and the business conducted by her and defendant prior to her receiving the property was properly admitted in support of plaintiff's theory that the property was purchased with funds accumulated by the joint efforts of both of the spouses, and was given to plaintiff unconditionally, because of her services.

4. **TRIAL PRACTICE: Credibility of Witnesses: Question for Jury.** The weight of the evidence and the credibility of the witnesses giving it are questions for the jury.

5. **DAMAGES: Excessive Recovery: Remittitur.** An award of excessive damages may be cured by remittitur.

6. ———: **Conversion: Excessiveness of Recovery.** In an action for the conversion of diamonds, *held* that a judgment in favor of plaintiff for $800 was not excessive.

7. **PLEADING: Variance: Mode of Objecting.** The party complaining of a variance between the pleading and the proof must not only interpose a timely and specific objection to the introduction of the evidence offered, but must file an affidavit of surprise, as required by Sec. 1846, R. S. 1909, and if he fails to do so, he will not be heard to complain in the appellate court.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm*, Judge.

AFFIRMED.

*Frank A. Habig* for appellant.

*H. W. Femmer* for respondent.

ALLEN, J.—This is an action for the conversion of certain jewelry and other personal property; it being alleged that plaintiff was the owner and entitled to the immediate possession thereof on January 18, 1912, and that on said day the defendant converted the same to his own use.

Plaintiff and defendant were husband and wife at the time of the alleged conversion; but a divorce had been granted the defendant prior to the institution of this suit. It appears that the property alleged to have been converted had been purchased by the defendant, and it seems with money earned by the joint efforts of plaintiff and defendant in conducting a rooming house and hotel business, and had been given by defendant to plaintiff; that shortly prior to the separation between them, as husband and wife, defendant took possession of the property, and refused, upon demand therefor, to surrender it to plaintiff. It was defendant's contention that the property, or the greater part thereof, had been by him originally given to plaintiff to be had and retained by her only upon certain conditions relative to her future personal conduct; and that she had failed to comply with such conditions. As to this question there was evidence *pro* and *con*. And the testimony was conflicting as to the value of the property at the date of the alleged conversion thereof. There was a verdict in favor of plaintiff, assessing her damages at the sum of nine hundred dollars. In passing upon a motion for a new trial the court ordered plaintiff to remit one hundred dollars. Plaintiff thereupon entered a remittitur for said sum, and judgment was entered for her for eight hundred dollars, from which the defendant has appealed to this court.

I.  The first assignment of error pertains to the refusal of the lower court to give an instruction offered by defendant.  By this instruction it was sought to have the jury told, in substance, that if the latter found that the property in question was ''given, loaned or presented'' to plaintiff by defendant upon certain conditions, and that plaintiff had failed to fully comply with all of the same, then she could not recover.

But manifestly, the refusal of this instruction was not prejudicial error, for the reason that among the instructions given by the court of its own motion was one which sufficiently covered this very matter.  It was to the effect that if the jury found that the property was given to plaintiff upon condition that she perform or do certain acts, or that she refrain from doing certain acts and things, and that plaintiff failed to comply with all of such conditions, then she was not entitled to recover.  Thus this theory of the defense was fully placed before the jury, and the appellant is not entitled to complain of the refusal of this instruction.

II.  The next point urged upon us is that the verdict is against ''the evidence, the weight of the evidence and the law under the evidence.''  We need not dwell upon this.  We are not permitted to disturb a judgment upon the ground that the verdict is against the weight of the evidence.  There is substantial evidence to support the judgment, and that is the only question on this score that is open for review in the appellate court.

III.  It is further contended that the trial court committed error in admitting certain evidence offered by the plaintiff.  This pertains to certain testimony given with respect to plaintiff's private affairs and the business conducted by her and the defendant prior to the time when she received the property in question.  We have examined the matters of exception pertaining to the admission of this evidence, and we are unable

to see that any reversible error inheres in the rulings of the trial court in the premises. Throughout the trial there was an effort on the part of the defendant to show that the property was given to plaintiff conditionally, and it appears that the testimony here complained of was admitted because of its tendency to support plaintiff's theory that the same was purchased with funds accumulated by the joint efforts of plaintiff and defendant, and that it was given to plaintiff unconditionally, because of her services and in recognition of her right to participate in the fruits of their joint labor.

IV. The next assignment of error is that the damages allowed were excessive. According to the testimony of respondent the value of all of the property in controversy amounted to something more than eight hundred dollars. And there was other testimony, on her behalf, by a diamond expert, which tended to show that the jewelry was worth more than the value thus placed thereon by her. On the other hand, on behalf of defendant, a jeweler testified that he sold to defendant the diamond brooch, and that at this time defendant showed him the diamond rings in question. This witness placed a considerably lower value upon the brooch and three rings than that shown by the evidence for plaintiff. None of the property in question was exhibited at the trial.

Under all the evidence in the case it would be impossible for us to say that the damages allowed are excessive. Beyond doubt there is substantial evidence tending to show that the values of the respective articles were such as to total more than the amount for which the court permitted the verdict to stand. It is argued that the evidence shows that plaintiff is not worthy of belief; and that no weight should be given to the expert testimony adduced in her behalf for the reason that this witness had not seen the diamonds

as to which he was testifying, and could only testify as to the value of stones of the weight and character described. However these matters pertaining to the credibility of the witnesses and the weight to be given to their testimony, were questions for the consideration of the jury. And if the latter's verdict could be said to be excessive because of the fact that it was greater than the total valuation placed upon the property by respondent in her own testimony, this was cured by the remittitur which the court compelled.

V. It is urged that there was "a fatal variance between the allegations in the petition and the proof, and a total failure of proof as to the market value, or value of any kind." But if there was any variance between the pleadings and the proof, appellant failed to interpose timely objections on this score, and to file an affidavit as the statute requires. No such question is therefore before us for consideration. [See Rundelmann v. Boiler Works Co., 178 Mo. App. 642 and authorities cited.] And obviously there is no merit in the contention that there was a failure of proof as to the value at the time of conversion.

As we have found no reversible error in the record the judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.