S. VIVIANA & BROS., Respondent, v. COLUMBIA CAN COMPANY, Appellant.

St. Louis Court of Appeals, May 5, 1914.

1. **JUSTICES' COURTS: Conversion: Sufficiency of Statement.** A statement of a cause of action for conversion, filed in a justice's court, alleging that, on a certain date, plaintiff was lawfully entitled to the possession of certain articles, which had a specified value, and that the articles had gone into the pos·session of defendant, who converted them to his own use, and refused, and still refuses, to surrender them to plaintiff, although plaintiff has demanded them, states a cause of action.

2. **CONVERSION: Sufficiency of Evidence: Relief.** In an action for the conversion of lithographic stones or impressions taken therefrom, evidence *held* to justify a finding that defendant had bound itself to deliver to plaintiff either the stones or impressions taken therefrom, but had failed to do so, so that defendant had no right to complain of a judgment in favor of plaintiff for the value of such impressions.

3. **PLEADING: Variance: Mode of Objecting.** Where advantage is not taken in the trial court of a variance between the pleadings and the proof, as required by Sec. 1846, R. S. 1909, an assignment of error predicated on such variance will not be considered, on appeal.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench,* Judge.

AFFIRMED.

*Frank A. C. MacManus* for appellant.

(1) In this cause, while there is some evidence of an explanatory nature, there is really no evidence to weigh, though considerable to apply. The essential facts are uncontroverted and uncontradicted; thus it becomes the duty of the appellate court to review the evidence, and give the judgment that should have been given in the first instance. The abstract in its recitals of material facts shows little if any dispute. Bruen v. Fair Association, 40 Mo. App. 426; Knapp Stout & Co. v. Standley, 45 Mo. App. 268; Bartlett v. Donohue, 72 Mo. 564. Who was the owner of the lithographic stone or plate? This seemingly is the only question involved. Dickeman v. Young, 87 Mo. App. 530; Mangold v. McDonald, 61 Mo. App. 291; Lafayette Bank v. Metcalf, 40 Mo. App. 499. An appellate court is bound by the record a party makes by his or her testimony. Cooper v. Trust Co., 142 Mo. App. 610. (2) A person is never liable in conversion who takes or keeps his own property. Whedon v. Ames, 28 Mo. App. 243. Plaintiffs must show either general or special property in the thing converted. Southworth Co. v. Lamb, 82 Mo. 242. This action could not be maintained in this State, when the plaintiff has neither "the right of property in" nor the right of possession to, the chattels alleged to have been converted. Parker v. Rodes, 79 Mo. 88; Barnet v. Timberlake, 57 Mo. 499; Johnson v. Bronkman, 116 Mo. 558. (3) This petition is fatally defective. A petition is fatally defective, when all the facts stated therein will not warrant a recovery. This petition does not distinguish or identify the chattel or property alleged to have been converted. State to use v. Bacon, 24 Mo. App. 403; Merrill v. Mason, 159 Mo. App. 605. There could be no conversion unless defendant had "possession of plaintiffs' property" or was in "the possession of property taken from plain-

tiff.'' An exception might exist where property had been mortgaged. Bank v. Fisher, 55 Mo. App. 54; Fairbank Co. v. Railroad, 167 Mo. App. 286. A cause of action in this character of cases depends upon the allegation of "ownership" coupled with the "right of possession" of certain chattels, or property described, so as they can be identified or distinguished. Bank v. Fisher, 55 Mo. App. 54; Fairbank Co. v. Railroad, 167 Mo. App. 286; Bank v. Tigertail M. Co., 152 Mo. 145; Schwald v. Brunjes, 139 Mo. App. 516.

*R. T. Stillwell* for respondents.

(1) An examination of the evidence in this case clearly shows that all facts necessary to make plaintiffs' case, have been admitted by defendant—ownership, right of immediate possession, demand for same by plaintiffs and refusal on the part of defendants. (2) Any wrongful exercise or dominion by one person over the goods and chattels of another which is inconsistent with and exclusive of the owner's rights therein, amounts to a conversion. Wilkinson v. Misner, 158 Mo. App. 551; Peoples Savings Bank v. Railroad, 158 Mo. App. 19; Shewalter v. Railroad, 84 Mo. App. 589; Hopper v. Hays, 82 Mo. App. 494; Sparks v. Purdy, 11 Mo. 219. One who has another's property and refuses, without legal excuse, to restore it on demand, is guilty of conversion whether he intends to make it his own or not. Sherman v. Commercial Printing Co., 29 Mo. App. 31; Allen v. McMonagle, 77 Mo. 478; Withers v. Lafayette County Bank, 67 Mo. App. 115; McLachlin v. Barker, 64 Mo. App. 511; Banking House v. Brooks, 52 Mo. App. 364. Demand and refusal are evidences of conversion. Southwestern Port Huron Co. v. Cobble, 124 Mo. App. 647; Newman v. Mercantile Trust Co., 189 Mo. 423.

ALLEN, J.—This is an action originally instituted before a justice of the peace. Plaintiffs pre-

vailed before the justice, and the defendant appealed to the circuit court, where, upon a trial *de novo* before the court without a jury, plaintiff again had judgment, and the case is here upon defendant's appeal.

Plaintiffs' statement of their cause of action alleged "that on the 30th day of November, 1911, they were lawfully entitled to the immediate possession of six lithographic impressions, plates or designs used in making labels for the business carried on by them, which said lithographic plates or designs were then of the value of $25 each, or $150 for the six, aforesaid; that said lithographic plates had heretofore gone into the possession of defendant, who then converted them to its own use and refused, and still refuses, to surrender them to the plaintiffs, although plaintiffs have many times demanded said plates from defendant." It was then averred that, by reason of defendant's refusal to deliver "said plates" to plaintiffs, the latter suffered certain damage and loss in their business, but since there was no recovery on this score, this phase of the case need not be further noticed.

Plaintiffs are engaged in selling certain food products, and prior to the time when this controversy arose with defendant, the latter had for some years been making for plaintiffs certain cans, of tin, to contain olive oil and other substances. It appears that defendant first made certain lithographic designs for plaintiffs, to be utilized for printing labels upon plaintiffs' cans, for which plaintiffs paid the defendant; the evidence is not altogether clear as to the precise process used, but it does appear that the various designs to be thus printed or placed upon plaintiffs' cans were traced or engraved upon lithographing stones, from which impressions were made directly upon the tin of the cans. These stones were retained by defendant at its place of business, and were used in making cans for plaintiffs, upon orders given by the latter from time to time, at prices agreed upon be-

tween the parties. Some time in 1910, plaintiffs, desiring to contract elsewhere for the manufacture of their cans, demanded that defendant deliver to them these designs, or impressions thereof, which defendant refused to do.

Just what was the original agreement between the parties is a matter in dispute, since it appears to have been entirely oral; and the testimony in respect thereto is by no means clear. Plaintiffs' testimony is to the effect that they bought and paid for the lithographic designs, or engravings, for which they were charged at the rate of $25 each, and that it was understood that these were to become plaintiffs' property; that plaintiffs did not know that the designs were to be placed upon stones, but that however they were made they were to belong to plaintiffs. Defendant's position appears to be that the agreement made with plaintiffs did not contemplate that the latter would have any property rights in the lithographic stones upon which the designs in question were placed, but that such stones belonged to the defendant; that defendant was not guilty of conversion in refusing to deliver the stones themselves; and that defendant could only be required to deliver to plaintiffs "impressions" taken from the stones, upon being paid for the labor of making such impressions. And there is testimony in the record to the effect that, according to the custom in this business, such stones remain the property of the lithographing company, and that they are planed off and utilized for other purposes.

Certain letters written by the defendant to plaintiffs appear to throw much light upon the situation. On November 28, 1910, defendant wrote plaintiffs a letter enclosing a statement for $277.82 for certain cans manufactured and delivered to plaintiffs, in which letter defendant stated that plaintiffs' representative had requested defendant to deliver to him the "lithographic impressions." And defendant therein stated

that it could not so deliver such impressions until the enclosed statement had been paid.

It appears that the statement referred to in the letter above was paid by plaintiffs, the latter, however, deducting therefrom $2.15 as being a discount to which they claimed to be entitled. And on March 28, 1911, defendant again wrote plaintiffs in answer to a letter of plaintiffs of the day previous. In this letter defendant offers to deliver the "lithographic impressions" provided plaintiffs pay the $2.15 above referred to and also the sum of $50 claimed by defendant for making certain changes which had been made in the designs at different times.

On March 30, 1911, defendant again wrote plaintiffs stating that it had refused to deliver the "transfer impressions" of plaintiffs' "lithographic can designs" to an employee of plaintiffs who had called at defendant's offices therefor, assigning as reason for such refusal that plaintiffs owed defendants the $2.15 above mentioned, the $50 for changing the designs, and likewise a further charge of $30 "covering the labor cost on pulling lithographic transfer impressions." And defendant stated that it would deliver to plaintiffs the "impressions" on receipt of such sums.

It appears from the evidence that the lithographic impressions referred to in defendant's letters were impressions taken, "or pulled," as defendant calls it, from the lithographing stones, upon special paper, and which could be then utilized in placing such designs upon new lithographing stones; and that by the use of such impressions about two-thirds of the cost of preparing such new stones was saved. And it appears that plaintiffs in the meantime had caused lithographing stones to be prepared by another company at a cost of $150.

The learned trial judge was evidently of the opinion that though plaintiffs had paid $150 for the making of the original designs nevertheless they were not

entitled to recover the value of the stones themselves, but the value of the lithographic impressions taken therefrom; for the court entered judgment for plaintiffs for $106, being two-thirds of the original cash price of these designs, as well as the new designs procured by plaintiffs, with interest at six per cent from the date of the institution of the suit, the judgment having been rendered just one year after the institution of the action before the justice of the peace.

There are various grounds for reversal urged, but a careful scrutiny of the entire record has convinced us that they are without merit. It is urgently insisted that plaintiffs' statement wholly fails to state a cause of action, but we are not so persuaded. We think it quite clear that the statement is sufficient as a basis of an action before a justice of the peace.

Aside from a demurrer to the evidence interposed by it, defendant offered five declarations of law. Two of them were given and three refused. As to the latter it is sufficient to say that we think it clear that the court committed no error in refusing them. The court found the issues for plaintiffs, evidently accepting their version of the original contract between the parties; and this is fully warranted by the evidence contained in the record.

It is insisted that plaintiff is suing for the conversion of certain impressions, not of the lithographic stones themselves; that the impression referred to were in fact not *in esse* at the time plaintiffs claim that they were converted; and that in fact defendant had in its possession no specific property, to the possession of which plaintiff was entitled at the time of the alleged conversion. This appears, however, to overlook the fact that plaintiffs claim to own the lithographic designs themselves by virtue of the original agreement between the parties, and for which plaintiffs had fully paid. It is true that these designs were upon certain lithographing stones, but plaintiffs claim to have known

nothing as to the process to be employed in making them, and that the agreement contemplated that they were to become plaintiffs' property when made. Defendant's letters above referred to appear to concede that plaintiffs were entitled to the lithographic designs in the form at least of impressions; and plaintiffs have recovered only the value of such impressions. By these letters defendant first offered to comply with plaintiffs' request to deliver the impressions, if plaintiffs paid a certain bill, which was paid, a small discount being deducted. Later defendant took the position that it was entitled to $50 for certain minor changes made at various times theretofore. As to this, it quite clearly appears that the defendant was not entitled to make such charge, for it seems that none was contemplated for making these minor changes during a period covering several years, as the court below evidently found. Likewise the matter of the small discount which defendant claimed to be due it may be considered as out of the case for it appears that this sum was tendered to defendant by plaintiffs. Finally, defendant demanded the further sum of $30 for "pulling" the impressions. These claims do not appear to have been made in good faith. In the first letter no mention is made whatsoever of any charge for changes in the designs made at times long prior thereto; and in neither of the first two letters is there any mention that there would be any cost attached to delivering to plaintiffs the impressions, but on the contrary plaintiffs' right to the same without any such charge is conceded.

We think that the case made by plaintiffs was such as to justify a finding that the defendant had bound itself to turn over these to plaintiffs, either by delivery of the stones themselves, or by delivering impressions taken therefrom, without further charge therefor. Plaintiffs have recovered only the value of

such impressions, and of this we think defendant cannot complain.

The form of the action is not material in view of the state of the record before us, for if there was any variance between the pleadings and the proof, proper advantage was not taken thereof below, and the appellant cannot now complain on this score. [See Rundleman v. Boiler Works Co., 178 Mo. App. 642, 161 S. W. 609, and cases cited.]

Other questions raised are not material and need not be noticed. The judgment should be affirmed, and it is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.

