JOSEPH ELWOOD, Respondent, v. HEINZ-YOUNG CONSTRUCTION COMPANY, Appellant.

St. Louis Court of Appeals, May 5, 1914.

1. **JUSTICES' COURTS: Requisites of Statement.** The test of the sufficiency of a statement filed in a justice's court is merely that it must fairly apprise the defendant of the nature of the claim against him and be sufficiently definite and specific to operate as a bar to another action upon the same demand.

2. ————: **Sufficiency of Statement.** A statement filed in a justice's court recited, "Started to work for Heinz-Young Construction Company, Montana and Missouri avenues, at the rate of sixty dollars per month," following which was a list of amounts for which plaintiff gave credit as having been paid him upon various specified dates in the year 1911, amounting in all to $225, following which was a heading, "Total amount due 1911, and then the various amounts claimed to have been earned during that year are set out, the total thereof being $298. A further item of fifty cents for "repair of bars" is set out, making a balance claimed to be due, $73.50. The statement was signed by plaintiff. *Held*, that the statement advised defendant of the nature of the claim, and that, inasmuch as it definitely set forth the period during which the services were alleged to have been performed, and purported to give credit for all payments made, it is sufficiently specific to bar another action upon the same demand, and hence is sufficient to support a judgment.

Appeal from St. Louis City Circuit Court.—*Hon. Wm. B. Homer,* Judge.

AFFIRMED.

*Evan A. Smith* for appellant.

The petition does not state facts sufficient to constitute a cause of action. Leas v. The Pacific Express Co., 45 Mo. App. 508.

*George W. Wellman* for respondent.

The statement filed by respondent, as appears in appellant's abstract of record, is sufficient in the absence of a motion by respondent to make the statement more definite and certain and after trial and verdict rendered cannot be attacked. Fixture Co. v. Base Ball Co., 152 Mo. App. 601; Jarret v. Mohan, 142 Mo. App. 29; McReynolds v. Railroad, 115 Mo. App. 676.

ALLEN, J.—This is an action begun before a justice of the peace, where plaintiff had judgment. Upon defendant's appeal to the circuit court, and a trial *de novo* there, plaintiff again prevailed, and the case is here upon defendant's appeal.

The only point involved relates to the sufficiency of the statement, or account, filed before the justice of the peace. This instrument, as it appears before us in the record, begins: "Started to work for Heinz-Young Construction Company, Montana and Missouri avenues at the rate of sixty dollars per month." Then follows a list of amounts for which plaintiff gives credit as having been paid him upon various specified dates in the year 1911, amounting in all to $225. Then follows a heading, "Total amount due 1911;" following which are set out the various amounts claimed to have been earned during designated months of that year, the total thereof being $298. A further item of fifty cents occurs for "repair of bars;" making the bal-

ance, claimed to be due, $73.50.  The paper is signed "Joseph Elwood."

There is some contention that plaintiff's name was not signed to the instrument until after the trial before the justice of the peace, but from the record before us, in which but little of the evidence is preserved, we cannot say that such was the case.  Hence, we shall take the statement as we find it, without further comment as to the point thus sought to be made.

The instrument is not in the usual form of an account, and is quite informally drawn, but nevertheless it does show upon its face that plaintiff is claiming a balance due for work and labor performed for the defendant, during a certain stated period of time, at sixty dollars per month; and purports to give credit for all payments made plaintiff on account thereof, specifying the dates and amounts of such payments. It seems perfectly clear that it is sufficient to support the judgment.  It is thoroughly settled that the test of the sufficiency of such a statement is merely that it must fairly apprise the defendant of the nature of the claim against him and be sufficiently definite and specific to operate as a bar to another action upon the same demand.  [See Rundleman v. Boiler Works Co., 178 Mo. App. 642, 161 S. W. 609, and cases cited.] We think beyond doubt that the instrument here in question clearly advises the defendant of the nature of the claim, i. e., that it is a balance claimed to be due for services rendered; and that, inasmuch as it definitely sets forth the period during which such services are alleged to have been performed, and purports to give credit for all payments made, it is sufficiently specific and definite to bar another action upon the same demand.

The judgment is affirmed.  *Reynolds, P. J.,* and *Nortoni, J.,* concur.